MURDOCK McKINNON *v.* MALCOM FAULK, Adm'r of BRYANT SELLERS.

When a Judge of the Superior Court, makes or refuses to make amendments,
under a mistake as to his power, the Supreme Court will review his action,
on an appeal; but when such amendments lie within his discretion, the ex-
cise of that discretion cannot be reviewed by the Supreme Court.

CIVIL ACTION, tried before *Buxton, J.,* at the Fall Term,
1872, of the Superior Court of CUMBERLAND county.

The action was brought to recover a judgment obtained
by the plaintiff against the defendant's intestate, in the
County of Cumberland, at June Term, 1856. The amount
of the judgment was $142.16, with interest on $136.43 from
the said June Term, 1856, till the bringing this suit, amount-
ing at that time to about $270.

The pleadings in this action, by agreement of counsel at
the appearance Term, were to be conducted under the old
rules, and the usual memoranda were made on the trial
docket accordingly.

At Fall Term, 1872, the plaintiff moved to amend his
summons by inserting the amount of his claim as above sta-
ted. This was allowed by the Court, whereupon the defend-

ant moved to dismiss the summons and complaint for want of jurisdiction. The plaintiff then moved to further amend his summons, by inserting ·as the sum demanded $500, which was the penalty of the bond of the defendant, given as administrator, and also to amend his complaint, so as to assign the non-payment of the judgment of the County Court as a breach of the condition of the defendant's bond. The motion of the defendant was overruled by his Honor, and the further amendment of the plaintiff allowed, from which order the defendant appealed.

*Hinsdale* and *Broadfoot*, for appellant.
*B. & T. C. Fuller*, contra.

SETTLE, J. The Courts of this State had grown very liberal under the old system of pleading in allowing amendments. And then the Constitution of 1868, at one blow, struck down the technicalities and refinements of the old system, and this has been followed up by the Code of Civil Procedure, which greatly enlarges the power of the Courts in respect to amendments.

Judges now have a very large discretion to make amendments in furtherance of justice. When they make or refuse to make amendments, under a mistake as to to their power, this Court will review their action, but when the matter lies within their discretion, this Court cannot review the exercise of that discretion.

Here the Court had the power to make the amendments of which the defendant complains; and by so doing removed his first objection to the jurisdiction.

There is no error.

PER CURIAM.                              Judgment affirmed.