NANCY FOLK, Trustee of S. A. BURNETT *v.* THOMAS S. HOWARD.

Where a summons was issued within ten days before the term of the Superior Court to which it was returnable: *Held*, that the action should have been dismissed on the motion of the defendant, and that it was error to order an *alias* returnable to the next ensuing term.

CIVIL ACTION, tried before *Seymour, J.*, at Fall Term, 1874, CRAVEN Superior Court.

This was an action for the claim and delivery of personal property. It was admitted that the summons was issued on the Saturday next before the Fall Term, 1874, of Craven Superior Court.

The defendant moved to dismiss the action on the ground that the summons was void.

The Court overruled the motion, and ordered an *alias* to issue, returnable to Spring Term.

From which Judgment the defendant appealed.

All the other facts necessary to an understanding of the case are set out in the opinion of the Court.

*Green*, for appellant.
*Clark* and *Roberts*, contra.

SETTLE, J.  A summons in an action for claim and delivery of personal property, was issued on Saturday next before the Fall Term, 1874, of Craven Superior Court, which commenced on Monday.

After the issuing of the summons, the plaintiff made an affidavit and filed an undertaking, as prescribed by law; and thereupon the sheriff was ordered 'to take, and did take the property claimed, into his possession, and afterwards delivered it to the plaintiff.

The sheriff returned, however, that the summons came too late to hand to execute the same ten days prior to the Fall Term of Court.

The defendant moved to dismiss the action, on the ground that the summons was void.  The Court denied the motion, and ordered an *alias* to issue, and the defendant appealed. Battle's Revisal, chap. 10, sec. 2, which is the Act of 1870–'71, chap. 42, enacts that the summons shall command the sheriff to summon the defendant to appear at the *next ensuing term* of the Superior Court, and answer the complaint of the plaintiff, and shall be dated on the day of its issue.  The officer to whom the summons is addressed shall note on it the day of its delivery to him, and shall execute it at least *ten days* before the beginning of the term to which it shall be returnable.

There is no authority given in this Act, as there was in the Revised Code, chap. 31, sec. 50, to make the summons when taken out within the time specified, returnable to the second term next after process issued.  And even if there had been, the summons in this case does not profess to follow it.  But under neither enactment can we find any warrant for the course which was pursued in this case.

The matter is regulated entirely by statute, and if the law now in force works inconveniently, this is not the tribunal to correct it.

The motion of the defendant should have been granted.

Let it be certified that there is error.

PER CURIAM.　　　　　　　　　　　　Judgment reversed.