F. M. PHILLIPS v. JOHN HOLLAND.

*Practice—Amendment of Process.*

1. Process issuing from a Court is not subject to amendment when third persons have acquired rights and the amendment is in such a matter that their rights would be affected by it.

2. Where process issued to one County went into the hands of the Sheriff of such County, who did not execute it or make any return upon it, and thereafter the same process was altered by the Clerk who issued it originally, by directing it to the Sheriff of another County ; *It was held,* that it was error in the Court below to allow the process to be amended by restoring it to its original form.

3. It is not error in a Court to suspend the trial of an action in order to consider a motion to amend process in another case, affecting the action on trial.

(*Bank of Cape Fear* v. *Williamson,* 2 Ire. 147 ; *Smith* v. *Low,* Ibid, 457, cited and approved.)

MOTION by plaintiff to amend Process, heard at Chambers in Salisbury, on the 10th of May, 1877, before *Kerr, J.*

This motion was made in an action of claim and delivery instituted in Davie Superior Court by the plaintiff against the defendant for the recovery of two mules alleged to be illegally detained by the defendant, a resident of Davidson County. From the evidence His Honor found the following facts :—

The summons was issued on the 27th of April, 1872, and on the same day the plaintiff having filed a proper affidavit and sufficient bond, the Clerk of the Superior Court of Davie also issued a requisition for the seizure of the mules. This process was directed to and received by the Sheriff of Davidson, but neither the summons nor the requisition was ever executed by him, and no written return was endorsed thereon. Thereupon, and subsequent to the commencement of this action, the plaintiff brought an action against the Sheriff

of Davidson for damages alleged to have been sustained by reason of his failure to execute the process 'as aforesaid, which action is still pending.

About three weeks after said process was issued a Deputy Sheriff of Davidson went with the plaintiff to the house of said Clerk of Davie Superior Court, and upon his (Sheriff's) statement that he had been informed the mules were at a certain place in Forsythe County, the requisition was altered by the Clerk by striking out " Davidson," and inserting " Forsythe," and afterwards the said Deputy Sheriff altered the summons in the same way. The original papers thus altered were sent to the Sheriff of Forsythe. It further appeared that the mules had not been taken to Forsythe, but had been carried off in another direction by the defendant and sold.

Upon these facts His Honor allowed the motion and ordered the process to be restored to its original form, so as to read as it did before the alteration and when it was placed in the hands of the Sheriff of Davidson. The defendant appealed from the ruling of the Court, and also because said motion was heard during the trial of the action brought by this plaintiff against the Sheriff of Davidson for damages as aforesaid.

*Messrs. J. M. Clement* and *J. E. Brown,* for plaintiff, cited *Falkner* v. *Hunt,* 68 N. C. 475 ; *Mason* v. *Mills,* 63 N. C. 564; *Griel* v. *Vernon,* 65 N. C. 76 ; *Foster* v. *Woodfin,* 68 N. C. 29 ; *Com'rs of Forsythe* v. *Blackburn,* Ibid 440 ; *Phillips* v. *Higdon,* Busb. 380.

*Messrs. Bailey & McCorkle,* for defendant.

RODMAN, J. The alteration in the summons and requisition was not the act of an unauthorized person, in which case it might have been stricken out and the original reading restored; but it was made by the Clerk who issued them at

the instance of the plaintiff. When they were altered by being directed to the Sheriff of Forsythe, they became new and original process of the same force and effect as if they had been originally written as they then stood. Whether the alteration relieved the Sheriff of Davidson from any liability previously incurred by him it is unnecessary to say. When these papers were delivered to the Sheriff of Forsythe he became bound to obey them. The case says that no written return was ever made on them, but it does not appear that the Sheriff of Forsythe did not act on them in some way, although he did not seize the mules. If he did act on them he is clearly entitled that they shall remain as they were when in his hands for his protection and as proof of his authority. Even if he did no act under them we think that both he and the defendant in them, and the Sheriff of Davidson, had acquired a right that they should remain as they were when in the hands of the Sheriff of Forsythe, as evidence of the fact that they had been in his hands, and that such a suit had been begun.

It is not denied that process may in many cases be amended, but not where third persons have acquired rights, and the amendment is in such a matter that their rights may be prejudiced by it. *Bank of Cape Fear* v. *Williamson*, 2 Ire. 147 ; *Smith* v. *Low*, Ibid. 457.

The interest of the Sheriff of Davidson that the process shall remain as it was before the proposed amendment was made, is like in kind, and for aught that we can see, equal in degree, with that of the plaintiff to effect the amendment. It may be that the plaintiff without the amendment may be allowed to prove the facts upon which he relies to fix liability on the Sheriff of Davidson; and it may be that if the amendment were made, the Sheriff would still be allowed to prove any facts connected with the several forms of the process which he may deem material. We have no opinion on these questions. The amendment would certainly shift

the burden of proof of a material fact from the plaintiff, and throw it on the Sheriff, to the benefit of which we do not see that the plaintiff has made out any superior claim, and in this respect he comes within the principle of the cases cited.

It is not like a motion to amend a record so as to enable it to speak the truth, when by any inadvertence it does not, which is a matter of right. There is no mistake her. The process when issued the last time was just as the plaintiff wanted it, and it had vitality and force. For these reasons we think the Judge erred in allowing the amendment.

Such being our opinion on this question, it is unnecessary to consider the others argued here. We may say though that we see nothing irregular in the Judge suspending the trial of a case in order to consider the motion to amend. The order of procedure in a Court must be at least almost entirely in the discretion of the presiding Judge, and it is not pretended that there was in this case any manifest abuse of that discretion.

There was error in allowing the amendment. Let this opinion be certified to the Superior Court of Davie, in order that the error may be corrected, and the process restored to the tenor it had, before the amendment was made. The appellant will recover costs in this Court.

Error.

PER CURIAM.                                    Judgment accordingly.