JOHN S. MANIX, Adm'r, v. THOMAS S. HOWARD.

*Claim and Delivery—Damages.*

The title to property seized under the provisional remedy of claim and delivery, can not be drawn into question upon an inquisition to ascertain the damage to the defendant where the seizure was irregular.

INQUIRY to assess Damages instituted at Spring Term, 1878, of CRAVEN Superior Court, before *Kerr, J.*

On the 10th of October, 1874, Nancy Folk, the intestate of plaintiff and trustee of S. A. Burnett, issued a summons to the defendant returnable to Fall Term, 1874, of Craven Superior Court, on 4th Monday after 2d Monday in September. On the same day, Oct. 10, the cestui que trust Burnett made the affidavit required by C. C. P. § 177 and obtained a requisition on the sheriff to take four mules from the defendant and deliver them to the plaintiff, (§ 178) and the sheriff thereupon took the mules and afterwards delivered them to the plaintiff. On said 10th of October, Burnett executed an undertaking in $600 " that the plaintiff shall prosecute this action, return the said property to the defendant if return shall be adjudged, and pay him such sum as may for any cause be recorded (evidently meaning recovered) against the plaintiff in this action." On the return of the summons at Fall Term, 1874, the defendant moved to dismiss the action on the ground that it had been issued within ten days before the next ensuing term of the Court. The Judge refused the motion and the defendant appealed to this Court. At January Term, 1875,—72 N. C. 527—this Court thought itself bound by the act suspending the Code (Acts 1870–'71, ch. 40 § 2, brought forward in Bat. Rev. ch. 18 § 2) to dismiss the action.

At Spring Term, 1878, of Craven Superior Court, " a jury were impannelled to assess the damages sustained by the

defendant by reason of the wrongful taking of the said mules." ·The defendant offered evidence of the value of the mules. The plaintiff offered to prove by said Burnett (the cestui que trust of plaintiff) that she was the owner of the mules when the action was begun, and after objection was allowed to testify to that effect. The Judge charged the jury that if they believed that the mules belonged to Burnett, the defendant could recover only nominal damages, to which instruction the defendant excepted. The jury returned a verdict for six pence in favor of defendant, and the Judge gave judgment on the undertaking for that sum and costs, and the defendant appealed.

No counsel in this Court for plaintiff.
*Messrs. Green & Stevenson*, for defendant.

RODMAN, J. (After stating the case as above.) The only question presented on this record is,—whether the plaintiff (and the nominal plaintiff and his *cestui que trust* must be considered one) could legally be allowed to prove title to the mules notwithstanding the action had been dismissed?

A few observations it seems to us will suffice to show, that the decision of the Judge in favor of the right of the plaintiff to do so can not be sustained. If notwithstanding the dismissal of the action for irregularity in the summons, the plaintiff can go on and give evidence of his title just as if the action was still pending in Court for his benefit, the dismissal was a vain thing and without any effect. Such a decision nullifies the act of assembly by which in effect it was forbidden to issue a summons within ten days of the next ensuing term of the Superior Court of the county. Perhaps the act was in this respect indiscreet and thoughtless; and it has since been altered. Acts 1876,-'77, ch. 85. But no Court can rightfully, upon its opinion of the wisdom of an act, decline to obey it. When the summons was

declared irregular and the action dismissed, the plaintiff was out of Court as to his power to prosecute his right. A jury can only try issues of fact made by the pleadings. In this case no complaint or answer had been filed, and no issue as to the right of property in the mules had been or could be joined. The Judge in submitting that question to the jury submitted one not in issue, and not pertinent to anything legally in controversy between the parties in the condition of the case. If the Judge was right in submitting the question of property to the jury, their finding upon that question in favor of the plaintiff, entitled him to a verdict for damages, and to a judgment against the defendant for the damages found and costs; whereas under the instructions of the Judge, the jury found a verdict for six pence damages in favor of the defendant, and the Judge gave judgment in his favor against the plaintiff. The inconsistency of the two rulings is evident. The result is that the plaintiff is compelled to pay damages and costs for taking his own property from the defendant by process of law. We think the evidence of Burnett was irrelevant, and therefore incompetent.

These observations we think dispose of the only question presented in the present stage of the case, and with which this Court can now deal. When the case shall again come up for action in the Superior Court, other questions as to the proceedings proper to be taken will arise. But it is not our duty to express any opinion on these by anticipation. The judgment is reversed and the case remanded to be proceeded in according to law.

Error.　　　　　Judgment reversed and case remanded.