JOHN S. MANIX, Adm'r, v. THOMAS S HOWARD.

*Claim and Delivery—Judgment therein.*

1. In an action of claim and delivery, it is not competent to the plaintiff, after the property is put into his possession by process of law, to move to dismiss the action and fail to file a complaint, thereby raising no issue and depriving the defendant of an opportunity to assert his right.

2. In the progress of such action an inquiry was instituted to assess defendant's damages for the wrongful taking, the jury rendered a verdict for the value of the property, and on plaintiff's motion the court set aside the verdict, dismissed the action and made an order of restitution; *Held* to be error. The judgment in such case should have been upon the verdict and in the alternative—for re-delivery of the specific articles if to be had; and if not, for their value as assessed by the jury.

(*Perry* v. *Tupper*, 70 N. C., 538; *Dulin* v. *Howard*, 66 N. C., 433, cited and approved.)

CIVIL ACTION for Claim and Delivery, tried at Spring Term, 1879, of CRAVEN Superior Court, before *Eure, J.*

The summons in this action was returnable to fall term, 1874, when defendant moved to dismiss on the ground that the summons was void. The motion was overruled, and upon defendant's appeal the judgment was reversed. *Folk* v. *Howard*, 72 N. C., 527. Subsequently, at spring term,

1878, a jury were impaneled to assess the damages of the
defendant by reason of the wrongful taking of certain mules,
the property in dispute; the defendant offered evidence as
to the value of the property; the plaintiff was allowed to
prove title on objection by defendant to the evidence; and
under the instructions of the court the jury rendered a ver-
dict for defendant and assessed his damage at six-pence, and
on defendant's appeal the judgment was reversed and the
case remanded. *Manix* v. *Howard,* 79 N. C., 553. And at
spring term, 1879, a jury were again impaneled to assess
defendant's damages, and they returned a verdict fixing the
value of the mules at three hundred dollars. Thereupon
the plaintiff moved to set the verdict aside and dismiss the
action, the motion was allowed, but the court made an order
of restitution of the property to the defendant, from which
both plaintiff and defendant appealed.

No counsel for plaintiff.
*Messrs. Green & Stevenson,* for defendant.

DILLARD, J. This action of claim and delivery was
heretofore in this court, and the error then assigned was
that His Honor allowed the plaintiff on the execution of a
writ of inquiry to fix the value of the mules and the dam-
ages for detention, to make proof of title in himself, and it
was held, no pleadings being filed, that no issue was or could
be made as to the right of property in the mules, and so the
evidence of title in plaintiff was irrelevant to the contro-
versy in the existing condition of the case, and the judgment
of the court below was reversed and the cause remanded to
be proceeded in according to law. See case reported in 79
N. C., 553.

The case of appeal states that at spring term, 1879, a jury
were again impaneled to inquire of and assess the damages
sustained by the defendant by reason of the taking of the

mules out of his possession, and that the jury returned a verdict for the full value of the property, to wit : for the sum of three hundred dollars, and thereupon His Honor, on motion of the plaintiff, set aside the verdict and allowed him to dismiss his action, but made an order of restitution to defendant, from which order both sides appeal.

This court on the former appeal having reversed the ruling of the court below for the erroneous admission of evidence of title in the plaintiff on the writ of inquiry, and remanded the cause for further proceedings, we assume the cause, when sent back, to have stood for execution of the writ of inquiry as before, and so it is necessary for us on this appeal only to consider of the errors assigned in the orders of the judge after the rendition of the verdict of the jury. The question is, can the plaintiff bring his action of claim and delivery and procure the property to be taken out of the possession of the defendant and delivered to him by the process of the law, and then omit to file his complaint, so that no issue can be made or tried as to the right of possession between him and the defendant, and at length, on his motion, dismiss his action and thereby acquit and discharge himself from all relief or assertion of right in the action on the part of the defendant.

In putting this provisional remedy of claim and delivery in motion, it was requisite that the plaintiff, after getting an order for the taking and delivering of the mules to him, should execute an undertaking with surety in double the value of the property, conditioned for the prosecution of his suit, for return of the property if so adjudged, and for the payment of such sum of money as might from any cause be recovered against him.    Bat. Rev., ch. 17, § 177, *et seq.* And the suit being thus instituted, it was incumbent on the plaintiff to follow it up and file his complaint within the first three days of the return term, setting forth the facts constituting his right, or in default thereof, be exposed to

have his action dismissed. Bat. Rev., ch. 18, § 2, and C. C. P., § 78.

From the case of appeal signed by the counsel, and the record proper, it is to be taken that the plaintiff never filed any complaint at all, but was content, having had possession delivered to him, to let the matter hang. The former appeal was without pleadings as reported in 79 N. C., 553, and the record and case of appeal to this term not disclosing the existence of any, we are to take it that none have been filed, and we are fortified in this conclusion by the fact that if pleadings had been filed and issues joined, the jury, instead of being sworn to inquire and assess damages to defendant, would have been charged to pass on the issues as to the right of possession, and at the same time to ascertain the value of the property, if the right were found in defendant. We conclude, therefore, that the plaintiff omitted altogether to file a complaint on which the defendant might make issue and have the right of property settled by a jury. And in that case what course was open to the parties respectively to take ?   Could the plaintiff elect to dismiss or discontinue the action, or neglect to proceed to issue, and by this means force the defendant to sue him in a separate action, or to submit to be kept out of the possession indefinitely ? or did the defendant in such contingencies have the right to be put back into the possession by orders in the cause?

The proper proceeding to be had in the state of things which occurred in the court below is not specifically pointed out in the code of civil procedure, (and we could not expect it to go into all the details of practice).   But it seems to us, a judgment for the defendant for restitution of the property, if to be had, and if not, for its value, was just in itself, and the only course that could be adopted to prevent the plaintiff from using the process of the law for his personal advantage merely, instead of as a means of a due and orderly assertion of his right by a trial thereon.

It is settled that whenever a party is deprived of the possession of property by the process of the law in proceedings adjudged void, an order for restitution will be made as a part of the judgment. *Perry* v. *Tupper*, 70 N. C., 538 ; *Dulin* v. *Howard*, 66 N. C., 433. Upon the same reason, if a plaintiff, in the action of claim and delivery, in which action both parties are actors, procured property to be taken out of the hands of the defendant and put into his possession and then dismiss his action, it ought to be a part of the judgment to put the parties *in statu quo.*

Such a course of proceeding seems to be neeessary, otherwise the plaintiff, under color of legal process, will perpetrate a fraud on the law and be allowed to keep property, the title to which was *prima facie* in the defendant from whom it was taken at the beginning of the suit. In all cases where issue is joined on pleadings filed, the defendant on the trial may have a verdict on the right, and fixing the value ; or if plaintiff neglect or refuse to come to trial of the issue joined, the defendant may have judgment as of nonsuit for the property, with an assessment of value on a writ of inquiry, followed by a judgment in either case in the alternative, that is to say, for the property if to be had, and if not, then for the value. And it is equally necessary, in all cases, whether issue be joined or not, in prevention of fraud, to provide, on plaintiff's motion to dismiss or discontinue, for a like judgment in the alternative.

This conclusion as to the proper course to be pursued in this and similar cases, is sanctioned by the practice under the New York Code, of which our Code on this subject is a copy, and is authorized by the practice in actions of replevin of which our action of claim and delivery is a substitute. 1 Whit. Pr., 448 ; *Wilson* v. *Wheeler*, 6 H. Prac. Rep., 59 ; 1 Chitty Pl., 164.

Seeing, then, that the defendant was entitled to be put back in his former position by a judgment in the alterna-

tive, how and by what means was that to be effected ?    A judgment for restitution merely would not, or might not be effectual, for if the sheriff should be unable on the execution to find the goods, or if the plaintiff has disabled himself to surrender the property, then the order of restitution becomes fruitless.    The only judgment to meet such a possible state of things, it seems to us, would be a judgment to have the specific articles returned if to be had, and if not, the assessed value thereof.    With a view to a judgment in this form it was necessary, on the plaintiff's motion to dismiss the suit, to have had the value fixed by the jury as was done in this case on a writ of inquiry.

Instead of proceeding to judgment in the alternative His Honor set aside the verdict on the writ of inquiry fixing the value, and ordered a writ of restitution to issue, which, of course, would omit any valuation of the mules sued for, and such a judgment, we have seen, would or might be ineffectual to put defendant in his former position.

We declare our opinion, therefore, to be, that His Honor erred in setting aside the verdict of the jury, and that his judgment, retaining the verdict, should have been for a return of the mules, if to be had, and if not, then for the payment of the value as fixed by the jury.    This is error.    Let this be certified.

Error.                                           Reversed.


NOTE.—IN SAME CASE ON PLAINTIFF'S APPEAL.

DILLARD, J.    The error complained of by plaintiff is that after setting aside the verdict of the jury on the writ of inquiry and allowing him to dismiss his action, His Honor, as a part of his judgment, ordered restitution to be made of the mules which had been taken from defendant, and put into his possession under the process of the law.

We held in the appeal of the defendant, and for the rea-

sons expressed in the opinion filed in that case, that it was an abuse of the process of the law to take the mules out of the defendant's possession and then dismiss the action without putting the defendant *in statu quo*, and that in such case it was proper to order restitution as a part of the judgment. There is no error therefore in the order of restitution of which the plaintiff has a right to complain, and the judgment of the court below on the point excepted to on the part of the plaintiff is affirmed.

No error. Affirmed.