ASA ETHERIDGE, Trustee, and others v. S. S. WOODLEY, Admr.

*Process—Appearance by Attorney—Limitations.*

1. Where an original summons issued in August, 1871, which was not served, and was not, in three years, followed by appropriate successive processes in order to constitute a continuous single action, the suit cannot be made to relate to the issuance of the original process, (and so avoid the bar of the statute of limitations) by taking out a second summons neither in form an *alias* nor purporting to be such.
2. The foregoing rule is not varied by the fact that an order was made

by the court for the issuance of an *alias*, which was neglected or disregarded by the clerk.

3. While a general appearance by attorney will dispense with process to bring a defendant into court, such appearance has no retrospective effect, and is not equivalent to service in time to avoid the statute of limitations when the statutory period has elapsed before the entry of appearance.

(*Fulbright* v. *Tritt*, 2 Dev. & Bat., 491; *Governor* v. *Welch*, 3 Ired., 249; *Hanna* v. *Ingram*, 8 Jones, 55; *State* v. *Wood*, 3 Ired., 23; *Badham* v. *Jones*, 64 N. C., 655; *Wheeler* v. *Cobb*, 75 N. C, 21, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of TYRRELL Superior court, before *Avery, J.*

The complaint alleges that the plaintiffs owned a certain steam saw-mill and fixtures, and demands judgment against defendant for damages for conversion of the same to his own use. The answer denies that plaintiffs are owners of the property, and alleges the action has abated and been discontinued by failure of the plaintiffs to issue the proper processes therein and sets up the statute of limitations in bar. There was a verdict upon the issues in favor of plaintiffs, and thereupon the defendant's counsel moved for judgment *non obstante veredicto*, relying upon the statute of limitations. The court refused the motion and gave judgment for the plaintiffs, and the defendant appealed.

*Mr. C. W. Grandy*, for plaintiffs.
*Messrs. Gilliam & Gatling* and *Pruden & Shaw*, for defendant.

SMITH, C. J. At the trial all the issues of fact necessary to a recovery were found by the jury in favor of the plaintiffs, except that arising out of the defence of the statute of limitations, and the sufficiency of this depends upon the time when the action was instituted. The wrongful act, for

which damages are claimed and assessed in the verdict, was committed some time in the year 1869, and an inspection of the record will determine whether in law the suit was brought within three years thereafter.

The first summons was issued on the 15th day of August, 1871, and returned to fall term following without service. No other process issued until September 16th, 1875, when a second summons issued, not in form nor purporting to be an *alias*, upon which there is no return. At fall term, 1874, is an entry and appearance of counsel for the defendant. At spring term, 1872, is an order for an *alias* extended at the next term to the counties of Washington and Tyrrell, and successive continuances thereunder, until process was served, complaint and answer filed, and the cause tried.

Upon this statement of the record the question is, when in legal contemplation was the suit commenced, whether at the date of the first summons, or at some period subsequent to the year 1872, when the time limited therefor had expired.

If the failure to sue out the proper and successive processes of an *alias* and *pluries* summons works a discontinuance and prevents the application of the rule of relation to the first, the statutory bar prevails and defeats the action.

The cases cited in the argument for the defendant seem conclusively to settle the question, and to determine that the original summons must be followed by appropriate successive processes in order to a continuous single action referable to the date of its issue. *Fulbright* v. *Tritt*, 2 Dev. & Bat., 491 ; *Governor* v. *Welch*, 3 Ired., 249 ; *Hanna* v. *Ingram*, 8 Jones, 55.

In the last case, an action for slander, the first writ issued in February, 1857, returnable to spring term following, was not executed. A term then intervened and the second writ in form an *alias*, which was served, was returnable to spring term, 1858. The defamatory words were uttered within six

months of the date of the first writ. It was held, that the latter writ was the initiation of the action, and it was barred. MANLY, J., delivering the opinion, says : " We concur with His Honor below that it (the commencement of the suit) was at the issuing of the last writ, the one from the fall term, 1857, to the following spring. This latter, although denominated an *alias, does not connect itself with the other* so as to make one continuous suit, a term having intervened, from which no process was issued."

It is contended in support of the ruling of the judge in the court below :

1. That the order of an *alias* summons was equivalent to its issue, and the non-compliance of the clerk cannot operate as a discontinuance to the prejudice of the plaintiff; and

2. The appearance of counsel at fall term, 1874, corrects all antecedent irregularities, and puts the defendant in court, as if the appropriate processes had followed the original summons to make a continuous action.

Premising that between the return term of the first summons, and that at which the *alias* is ordered, there is a gap spanned by no order or action of the court, thus precisely assimilating the case to that from the opinion in which we have made the extract, we proceed to examine the correctness of the proposition as stated.

1. While it is the duty of the clerk to obey the directions of the court and issue process and notice when ordered, and his refusal to do so, when application is made by an interested party, may subject him to damages for the resulting injury, it is plain the omission cannot have the effect of supplying the unissued process or paper to the injury of the opposing party to the action.

In *State* v. *Wood,* 3 Ired., 23, land of the defendant had been levied on under a justice's execution, and all the papers returned to the county court without notice of the levy,

and the court made an order in the cause, directing the clerk to issue notice. This he failed to do, and the action was brought on his official bond for the damages occasioned by his neglect. "We believe," remarks DANIEL, J., speaking for the court, "that it has been usual for the clerks of the courts in this state to issue process, notices and copies of orders made in civil causes and place them in the hands of sheriffs to be served and executed, but we are ignorant of any law that *makes it the official duty of the clerk to do so.* Neither the relator nor his agent ever demanded the notice of the clerk. If such a demand had been made, and the defendant had then refused to make it out and deliver to such demandant in a reasonable time, he would have been guilty of a breach of his duty, but not before such demand."

The same principle applies to executions, and hence it became necessary to pass the act of 1850, imposing upon the clerks of the county and superior courts the obligation to issue them, unless otherwise directed, within six weeks after the rendition of the judgment, Rev. Code, ch. 45, § 29, and when the act was repealed in 1866, that duty was removed. *Badham* v. *Jones,* 64 N. C., 655.

But if the plaintiff had applied for and failed to obtain the process from the clerk, the result upon the defendant's rights would be the same; for upon whomsoever the blame for the omission may rest, it cannot be a substitute for the process itself, and the discontinuance would equally follow.

2. Nor can the appearance of counsel in 1874 have the effect of removing the impediment of statutory bar, then in the way of plaintiff's recovery. The appearance *then* puts the defendant in court, and waives any irregularity or defect in the process, if any had been issued returnable to that term, but it has no anterior force upon the action. No process, however, had been issued, and the only consequence of the appearance is to subject the defendant's intestate

thereafter to the responsibilities which would have been incurred by the service of process returnable to that term.

" A general appearance to an action," say the court in *Wheeler* v. *Cobb*, 75 N. C., 21, " cures all antecedent irregularity in the process and places the defendant upon the same ground, *as if* he had been personally served with process," but it does not supply process which never issued. The action was therefore barred by the lapse of time when the action was instituted and the ruling of the court in regard thereto is erroneous. On the finding of the jury the defendant was entitled to judgment that he go without day and recover his costs, and such judgment will be here entered.

Error.                                                      Reversed.