T. E. HENDERSON, Ex'r. v. ROBERT D. GRAHAM and another.

### Amendment of Process.

It is error in the court to refuse to amend a summons upon the ground of a want of power. Whether the same should be amended is a discretionary matter and not reviewable. The authorities upon amendment of process (here, to allow clerk to affix his signature to summons) reviewed by SMITH, C. J.

( *Winslow* v. *Anderson*, 3 Dev. & Bat. 9 ; *Freeman* v. *Morris*. Busb., 287; *McKinnon* v. *Faulk*, 68 N. C., 279 ; *Phillips* v. *Holland*, 78 N. C., 31 ; *Clark* v *Hellen*, 1 Ired., 421 ; *Purcell* v. *McFarland*, Ib., 34 ; *Seawell* v. *Bank*, 3 Dev. 279 ; *Cheatham* v. *Crews*, 81 N. C., 343 ; *Folk* v. *Howard*, 72 N. C., 527 ; *Etheridge* v. *Woodley*, 83 N. C., 11 ; *Shepherd* v. *Lane*, 2 Dev., 148 ; *Finley* v. *Smith*, 4 Dev., 95 ; *Shackleford* v. *McRae*, 3 Hawks, 226, cited and approved.)

MOTION heard at Fall Term, 1880, of MECKLENBURG Superior Court, before *Seymour, J.*

The plaintiff appealed from the judgment below.

*Messrs. Jones & Johnston,* for plaintiff.
*Mr. Walter Clark,* for defendants.

SMITH, C. J. The plaintiff's testator sued out of the office of the clerk of the superior court of Mecklenburg a summons against the defendants directed to the sheriff of the same county, authenticated with the seal of the court but without the written signature of the clerk in the blank space at the end of the instrument intended for that purpose, and concluding with these printed words : " Witness, J. R. Erwin, clerk of our said court at office in Charlotte, this the 4th day of January, 1879.

Clerk of the Superior Court
of Mecklenburg county."

The summons was served and returned to March term following, and the complaint verified, then put in. Upon the death of David Henderson who brought the action, the present plaintiff, his executor, became a party in his stead, and the cause transferred from the civil issue to the trial docket there remained until the fall term, 1880, when the defendant's attorney entering a special appearance moved the court to dismiss the action. At the same time the plaintiff's attorney asked leave to amend by allowing the clerk then present to affix his signature to the summons *nunc pro tunc.* The court refused to allow the amendment for the want of power in the court to permit it, and dismissed the action, and from this ruling the plaintiff appeals.

It has been repeatedly held, that while no appeal lies from the exercise of an admitted discretion, reposed by law in the superior court, in permitting or refusing to permit an amendment of the record to be made, yet when the refusal proceeds from a supposed want of authority, and the discretion has not been exercised, the error will be reviewed and corrected in this court. *Winslow* v. *Anderson,* 3 Dev. & Bat., 9; *Freeman* v. *Morris,* Busb. 287; *McKinnon* v. *Faulk,* 68 N. C., 279.

The only question then to be considered is this: Has the court the power to allow the amendment and the defect in the process to be remedied in the manner proposed?

The right to amend the proceedings in a pending and undetermined suit, ample before, is still more liberal under the present practice. Section 132 of the Code declares that "the court (the clerk) may before, and the judge may after, judgment, in furtherance of justice and on such terms as may be proper, *amend any pleading, process or proceeding by adding or striking out the name of a party or by correcting a mistake in the name of a party or by correcting a mistake in any other respect.*" If the summons is imperfect by reason of the absence of the *written signature* of the clerk, and the printed

32

name is insufficient, its official character is shown by the attached seal (though a seal is dispensed with by a recent act) and it conforms in every other particular to the requirements of the statute and gives notice (its special office) of the plaintiff's action. It has served to bring the defendants before the court in their appearance by counsel to make the motion, and no suggestion is made that the amendment will prejudice the rights of others or deprive the defendants of any defence to which the institution of a new suit would be exposed, or operate otherwise than to expedite the trial of the cause. Amendments of process are not admissible when the effect will be to prejudice acquired interests or take away any defence which could be made to an action begun at the time of the amendments. *Phillips* v. *Holland*, 78 N. C., 31. The power has been exercised in numerous cases in this state and precedents established for the present application. Thus it is held that a seal may be affixed to a writ issued to another county, after its return, and the process void without seal, thus rendered effectual. *Clark* v. *Hellen*, 1 Ired., 421. And this may be done to a *fieri facias* under which the defendant's land has been sold, for the purpose of perfecting the purchaser's title. *Purcell* v. *McFarland, Ib.,* 34; *Seawell* v. *Bank*, 3 Dev., 279.

The extent to which the power of amendment has been carried will appear in the numerous cases which have come before this court and to which it is needless to refer in detail. Some of them are cited in *Cheatham* v. *Crews*, 81 N. C., 343. While there is no direct authority to sustain the plaintiff's motion found among the decisions in this state, our attention has been called by the plaintiff's counsel to the case of *Austin* v. *Ins. Co.*, 108 Mass., 238, the essential features of which are so similar to the present, that we are content to quote from the opinion of the court without comment of our own : " It is required," says Ames, J., " both by the constitution and statutes of this commonwealth that

every original writ should be under the seal of the court from which it issues, should bear test of the first justice of the court to which it is returnable and *should be signed by the clerk of the court.* The writ was issued without the signature of the clerk and for that reason is liable to be abated or dismissed. The only question is whether it must be necessarily thus disposed of or whether in the exercise of the discretion allowed by modern legislation in regard to the effect of errors in matters of form, the court can allow this particular defect to be cured." After a full discussion of the subject with numerous citations he concludes thus: " It appears to us that any defect or omission of a formal character which would be waived or remedied by a general appearance or answer upon the merits, may be treated under our present statutes as a matter which can be remedied by amendment and *that the mistake in this case is one of that description.*"

The cases relied on in the argument for the defendants, (*Folk* v. *Howard,* 72 N. C., 527; *Phillips* v. *Holland, supra; Etheridge* v. *Woodley,* 83 N. C., 11), and that recently decided in the circuit court of the United States for the southern district of New York, (*Dwight* v. *Merrit*) to which our attention has been called since the argument, are not repugnant to the conclusion to which our examination of the authorities and our own reflections have led. In the first, the form of the summons was unauthorized by law and did not warrant an order for the issue of an *alias* to connect by relation with the former. In the second, the summons was directed and delivered with a requisition for the seizure of certain property in an action of claim and delivery to the sheriff of Davidson. The requisition was afterwards changed by the clerk in substituting Forsyth for Davidson, and the deputy sheriff altered the summons to correspond, and then both were delivered to the sheriff of the former county. It was held by this court that the papers could not be restored to

their original form, so as to withdraw the protection which they afforded to the sheriff of Forsyth.

In *Etheridge* v. *Woodley*, it is decided that an interval of more than three years which had elapsed between the original and the next process severed their connection and let in the bar of the statute of limitations which interposed before the issue of the second summons which was in law the commencement of the action. In the last case it is ruled by BLATCHFORD, J., that a summons in the form prescribed by the laws of New York, but neither signed by the clerk nor issued under the official seal of the circuit court, is a nullity under the act of congress which declares that "all suits and processes, issuing from the courts of the United States, shall be under the seal of the court from which they issue and shall be signed by the clerk thereof. *Rev. Stat. U. S.*, § 911. "The power to amend conferred by sections 948 and 954," remarks the court in refusing to allow an amendment, "is power to amend a defect in process and power to amend a want of form in process. But there must be something to amend and amend by. This paper is no process. The process which can be amended under the power conferred is *process issuing from the court.*" It was also urged that the statute would bar a new action, and thus the proposed amendment would divest an existing right of defence. This last objection would be sufficient to induce the court to withhold its assent under the rulings in this state; but our case differs in the essential fact that here the process did issue from the clerk's office bearing the impress of official authority in the seal annexed, and purporting to be authentic with the printed but without the manuscript signature of the clerk himself. So then the defect is in the process and there is both something to amend and something to amend by, in removing the imperfection.

Since the argument, our attention has been called by the defendants' counsel to several cases in which it is held that

writs issued without seal to be served out of the county are void, and no responsibility is incurred by the sheriff in disregarding their commands. *Shackelford* v. *McKea*, 3 Hawks, 226; *Shepherd* v. *Lane*, 2 Dev., 148; *Finley* v. *Smith*, 4 Dev., 95. While this is so, it is decided in the cases cited that they may be rendered effective by amendment and attaching the seal when the rights of other persons are not affected, and no protection is thus withdrawn from the officer. Amendments will not be made when such will be their effect.

We are therefore of the opinion that the power to permit the proposed amendment is vested in the judge, on such terms, if any, as he may deem proper; and in the exercise of this discretion, his decision is not subject to review. There is error and this will be certified.

Error. Reversed.