RICE, STIX & CO. v. DALE & RICHARDSON.

WRIT: *Summons and Attachment combined.*

An order for attachment and writ of summons may be embodied in the same writ.

APPEAL from *Logan* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

Rice, Stix & Co. v. Dale & Richardson.

*U. M. and G. B. Rose*, for Appellants.

The writ was an attachment containing a summons clause, and intended to serve the purpose of both writs. That this is permissible, is settled by *40 Ark., 528.* Besides, a failure to issue a summons at or before the time of issuing the attachment, is not ground for quashing the writ. *8 Iowa, 309; 10 Id., 418; 13 Minn., 327.*

*Clendenning & Sandels* for Appellees.

*Sec. 4503, Gantt's Dig.*, provides the test as to whether an action has been begun: A *summons* must be issued. *Sec. 4504, Ib.*, provides directions for framing a *summons. Sec. 392, Ib.*, gives form of a writ of general attachment: The writ in this case contains *no summons clause*, and there was no action pending.

COCKRILL, C. J. The only 'question presented by the record is the sufficiency of the summons. Upon the filing of a complaint and affidavit for attachment, in proper form, in the clerk's office, the following writ was issued :

## "ORDER OF ATTACHMENT.

*The State of Arkansas, Logan Circuit Court.*

RICE, STIX & CO., ⎫ *Plaintiffs.*
v. ⎬
DALE & RICHARDSON. ⎭ *Defendants.*

THE STATE OF ARKANSAS,

*To the sheriff of Logan county:*

You are commanded to attach and safely keep the property of the defendants, J. J. Dale and James Richardson, in your county, not exempt from execution, or so much thereof as will satisfy the claim of Rice, Stix & Co., the plaintiffs in this action, for six hundred and twenty-four and 88–100 dollars

($624.88) and fifty ($50) dollars for the cost thereof; and to summons J. J. Dale and James Richardson, and such other persons as the plaintiffs may suggest as garnishees, to answer to this action on the first day of the next, March, 1884, term of the Logan Circuit Court, and you will make due return of this order on that day.

{ L. S. }    WITNESS, my hand and seal of said court, this, 22d day of January, 1884.

H. G. SADLER, CLERK."

The sheriff's return shows a seizure of the Defendant Dale's property, under the writ, and service upon him by leaving a copy at his usual place of abode with a member of his family over the age of fifteen years.

There was no appearance for the Defendant, and the Plaintiffs sought to take judgment by default against him, but the Court, at the suggestion of another creditor who appeared solely as *amicus curiæ*, in effect quashed the attachment and dismissed the complaint, because, as the record states, no summons having issued, there was no action pending.

It is no objection to the summons that it is joined with the order of attachment. That was ruled in the case of *Weil & Bro. v. Kittay, 40 Ark., 528.* But it is urged that the Defendant was summoned to answer as a garnishee. It was not shown, and it is not probable that the Defendant was under this misapprehension. The process served upon him distinctly shows that an action had been instituted against him, and that he was required to answer it. This is the special office of a summons. *Henderson v. Graham, 84 N. C., 496.* The statutory form of writs and process should be strictly observed, but the Court is required to disregard any defect which does not affect the substantive rights of a party. This Court adopted a liberal policy in this respect as long ago as *Mitchell v. Conley, 13 Ark., 414,* and the extent to which the doctrine has been carried appears.

in the numerous cases since determined. *See Kahn v. Kuhn, 44 Ark., 404.*

A precedent for the process in question is found in the case of *Weil & Bro. v. Kittay, sup.* An inspection of the record of that case discloses no material difference between the two.

Reverse the judgment and remand for further proceedings.