GEORGE P. HORTON v. JAMES C. HORNE.

*Claim and Delivery—Judgment—Costs.*

1. If in an action to recover personal property the plaintiff establishes title to a portion of the property which has been taken and delivered to him under claim and delivery proceeding, he will be entitled to judgment for his costs.

2. In respect to that portion which he fails to recover, the judgment should direct a return to the defendant, or that the value thereof, to be ascertained by the jury, should be paid him if a return cannot be made.

CIVIL ACTION, to recover personal property, tried before *Clark, J.,* at May Term, 1887, of ANSON Superior Court.

The summons was issued in May, 1881, and at the same time the plaintiff having filed the requisite affidavit and undertaking, the Sheriff was directed to take the property mentioned therein and deliver it to the plaintiff, as provided in § 321, *et sequiter* of *The Code,* and which was done as appears by the Sheriff's return.

The plaintiff alleged that he was "the owner and entitled to the immediate possession of the property" sued for, by virtue of a contract set out at length in the complaint.

The allegations were denied by the answer, in which, among other things by way of defence, it is alleged that at the time of the seizure of the property by the Sheriff, about one hundred dollars worth of lumber was put into the possession of the plaintiff which was not claimed by him in this action, and "which made a full payment to the said Horton of the balance then due him by the defendant." He asks judgment among other things, for the return of the property or the value, &c.

The only exception taken by the appellant is to the judgment of the Court, which is as follows:

This cause coming on to be heard, and jury having responded to the issues submitted by the Court, as follows, viz.:

1. Is the plaintiff the owner and entitled to possession of the property sued for? Answer—Yes, except the logs and lumber on mill yard.

2. What damage, if any, has plaintiff sustained by wrongful acts of defendant? Answer—Six hundred and fifty-five ($655.00) dollars.

3. What part of the purchase money has been paid? Answer—Six hundred and sixty three dollars and eighty-three cents.

4. What was the value of defendant's property, if any, wrongfully taken in this action? Answer—One hundred and twenty-five ($125.00) dollars.

On motion it is ordered and adjudged that the defendant do recover of the plaintiff, and the sureties on plaintiff's undertaking, the sum of one hundred and thirty-three dollars, with interest on the same from this time.

And it is further adjudged, that the plaintiff recover of the defendant the property described in complaint, except the logs and timber, and that he recover the costs of this action, except as are stated to the counter-claims, to be taxed by the Clerk.

The plaintiff insisted that so much of the judgment as related to the property wrongfully taken should have been in the alternative—i. e., for the return of the property or for the value thereof, and that no part of the costs should have been adjudged to be paid by him, and he appealed from the judgment in those particulars.

Mr. J. A. Lockhart, for the plaintiff.
No counsel for the defendant.

DAVIS, J., (after stating the case). Sec. 431 of The Code prescribes the manner in which the judgment in actions for

the recovery of personal property shall be rendered. "Judgment for the plaintiff may be for the possession, or for the recovery of possession, or for the value thereof, in case a delivery cannot be had, and the damages for the detention. If the property has been delivered to the plaintiff and the defendant claims a return thereof, judgment for the defendant may be for a return of the property, or for the value thereof in case a return can not be had, and damages for taking and withholding the same."

In the case before us the personal property in controversy having been put into the possession of the plaintiff, the judgment should have declared his right to the possession of so much of it as by the verdict of the jury he was found to be "the owner and entitled to the possession of," and for the return to the defendant of that which was wrongfully taken, or for the value thereof, as found by the jury, in case a return cannot be had. *Manix* v. *Howard,* 79 N. C., 553.

The plaintiff was also entitled to his judgment for costs. Section 525 of *The Code* provides that "costs shall be allowed of course to the plaintiff upon a recovery * * * in an action to recover the possession of personal property."

This was an action for the recovery of personal property, and a substantial recovery by the plaintiff. The action was rendered necessary by the wrongful detention of his property by the defendant, and though he did not recover *all* the property claimed, there was a recovery as to the greater part of it, and he is entitled to his costs. In *Wooley,* adm'r, v. *Robinson,* 7 Jones, 30, the plaintiff in an action of *detinue* to recover several articles, succeeded in recovering some and failed as to others, and it was held that the witnesses examined for the plaintiff in regard to the articles only as to which he failed, were not, *ipso facto,* to be excluded from his bill of costs.

In *Wall* v. *Covington,* 76 N. C., 150, it was held that no

part of the costs of an action can be taxed against the party recovering judgment.

The judgment.of the Court below must be modified and reformed so as to accord with this opinion.

Error and judgment modified.