A. J. FIELD, Receiver, v. S. M. WHEELER et al.

*Claim and Delivery—Landlord and Tenant—Cost—Parties.*

1. Where, in claim and delivery proceedings under which the entire crop raised by the tenant was delivered to the landlord, the latter was adjudged entitled to one-fourth of the crop as rent, it was error to charge him with any part of the cost of gathering and marketing the crop.

2. Where the plaintiff in claim and delivery proceedings for a crop was adjudged to be entitled only to a part thereof, he should be charged with only one-half of the fees of a referee who had been appointed with his consent to appraise the value of the crop.

3. Where a plaintiff in claim and delivery proceedings for a crop was adjudged to be the owner of a part thereof against defendants, who claimed the whole and were proceedings to convert it, costs should be allowed to such plaintiff under Section 525 (2) of *The Code.*

4. Where, pending an appeal in an action by a receiver involving the title to property or the proceeds of its sale in which a judgment had been rendered in favor of one of the defendants for a part of the fund in plaintiff's hands, a motion was made in this court to substitute the assignee as party plaintiff, which was resisted by the plaintiff upon the ground that the assignment did not affect the property in dispute; *Held,* That there was an issue of fact raised, not germane to the appeal, which could better be settled in the court below.

5. Under Section 177 of *The Code* an action must be prosecuted by the real party in interest; hence, where an assignment of a judgment for one of the defendants against the plaintiff was made during the pendency of the appeal, and it appeared that the judgment was bought for another person, such person and not the nominal assignee should be substituted as plaintiff under Section 975 of *The Code.*

ACTION OF CLAIM AND DELIVERY, tried before *McIver, J.,* at July, 1896, Term of GRANVILLE Superior Court. A jury trial was waived and his Honor found the facts. The action grew out of the matters embraced in the case of *Hunt* v. *Wheeler,* reported in 116 N. C., 422. This plain-

tiff, having been appointed Receiver in that action under the judgmment which is set out in the report of that case, was placed in possession of the land by the Sheriff under a writ of assistance in that action, which was returned endorsed as follows: "Executed August 2, 1895, by going upon the land described within which I found in the actual possession of Dub. Waller, who stated that he was working the land on shares, with S. M. Wheeler as his tenant, and removed said Dub. Waller from said land and putting Alexander J. Field, the Receiver herein referred to, in the quiet, peaceable, sole and exclusive possession of said land.

     (Signed)          "W. S. COZART, *Sheriff.*
"Per J. T. COZART, *D. S.*"

The complaint in this action, after stating the above facts, alleges:

"1. That said Receiver, the plaintiff being then and there in the possession of said land, told said Dub. Waller, the defendant, that if he would come back upon the said land as the tenant of this plaintiff he might do so, and go on with the crop, and finishing, making and saving same, which he, the said Dub. Waller, agreed to do upon the assurance of plaintiff that he should be allowed such pay as was right and just; and thereupon plaintiff let him, the said Dub. Waller, into possession of said land as his tenant.

"2. That at the time plaintiff took possession of said land all of the crops for the year 1895 thereon were still standing and growing and not yet matured, except a lot of wheat and oats which had been saved, but were then still on the said land.

"3. That, as plaintiff is informed and believes, under the agreement between said S. M. Wheeler and Dub. Waller, each one was to have one-half of the crops after they were harvested or marketed.

"4. That after plaintiff had taken possession of said lands he posted same, as allowed by law, forbidding all persons from going upon the same, or in any way trespassing upon same.

"5. That, as plaintiff is informed and believes, thereafter said S. M. Wheeler, the defendant, did enter upon said lands and remove therefrom a part of said crop, to-wit, a lot of oats, and converted same to his own use; and that said Wheeler and said Waller did thereafter sell, or cause to be sold and removed from said land, a certain lot of tobacco, of the value of $44 and divided the proceeds between them, in defiance of plaintiff's rights and to his great damage, to-wit, the sum of $52.

"6. That plaintiff verily believes that the defendants would continue to dispose of said crop, if left in the possession of Dub. Waller, in utter disregard of plaintiff's right; and he thereupon brought this action and caused said crops, or what remained of them, to be seized under claim and delivery and delivered into the possession of himself."

The prayer of the complainant was that the crops seized should be adjudged to belong to plaintiff, to be applied as directed in the order appointing him Receiver; that he recover of the defendants the sum of $52 and costs, and that he should be instructed what sum to allow Dub. Waller for his services.

The defendants denied that plaintiff had any right or authority to put defendant, Dub. Waller, out of possession of the land or to permit his coming back on the land as plaintiff's tenant. The answer admitted that defendants were to divide the crops made on the land, each to have one-half and to pay one-half of the expenses incurred for fertilizers, &c., and that Waller was to pay S. M. Wheeler all amounts due for advances out of his (Waller's) share of the 'crops. It was also admitted that certain lots of oats

and tobacco were removed from the land, but it was de-
nied that such removal was in defiance of plaintiff's rights,
defendants claiming they had full right to the crops on the
land and that plaintiff had no right to interfere with their
removal by defendants. Defendants prayed for damages
sustained by the seizure of the crops by plaintiff.

By consent of parties, W. T. Allen was appointed arbi-
trator to fix value of property seized by plaintiff, under
claim and delivery proceeding; and he found its value
$195.75 "now," and that it was of same value "at the
time of seizure."

His Honor found the facts as follows:

"The summons in *Hunt* v. *Wheeler* was served on No-
vember 16, 1894, and at the January Term, 1895, judg-
ment was rendered in favor of the plaintiff, and appointing
said Field a Receiver. From this judgment there was an
appeal to the Supreme Court, where said judgment was
affirmed and modified.

"Thereafter the following judgment was entered in the
court below, in accordance with the opinon of the Supreme
Court:

"This cause coming on to be heard, and it appearing to
the court that on the appeal heretofore had herein, the
Supreme Court modified and affirmed the judgment here-
tofore granted herein by this court, this court doth now, on
motion of plaintiff s counsel, enter this judgment in accord-
ance with the opinion of the Supreme Court: and doth now
order, adjudge and decree, that the plaintiff above named
recover of the defendant, W. T. Wheeler, the sum of
$1,065.80, with interest on the sum of $690, the same
being principal money, from the 22d day of July (Term),
1895, the same being the first day of this term of this
court, till paid, together with the costs of this action, to
be taxed by the clerk; and the court doth further order,
adjudge and decree, that the said judgment is, and shall be,
a charge and lien upon the lands described in the pleadings,
to be paid and discharged by and from the rents and profits
of said lands described in the pleadings, the same being, &c.

(Here follows description.) And the court doth further, on motion, order, adjudge and decree, that Alexander J. Field be and he is hereby appointed a Receiver of this court to at once take possession of said lands, and to rent the same annually at public auction at the Court House door in Oxford, N. C., for monthly rent; and the said Receiver is directed to collect said rent and apply it, first, to the satisfaction of the cost of said receivership; second, to the payment of the judgment herein rendered in favor of the plaintiff. And the court further, on motion, doth order and direct the defendant, S. M. Wheeler, and any of the other defendants and their agents and servants, who may be in possession of said land, to yield possession of said land peaceably to the said Receiver hereinbefore appointed, and they, and each of them, are hereby forbidden to yield possession of said land to any other person. And the court doth further, on motion, order, adjudge and decree, that a writ of assistance issue, and the clerk is hereby directed to issue same, addressed to the Sheriff of Granville county aforesaid, commanding him to put the said Receiver in the quiet and peaceable and exclusive possession of said land. And this cause is retained for further orders.

"HENRY R. STARBUCK,
"*Judge Presiding.*"

Upon the facts, his Honor rendered judgment as follows:

"It is, on motion, ordered and adjudged by the court that the plaintiff recover of the defendants the sum of $77.60, less the sum of twelve dollars paid by defendants for one-fourth of the fertilizer and manure used in making the crop mentioned in the pleadings, which, by agreement of the parties, the court adjudges to be a fair rental value of the lands mentioned in the pleadings for the year 1895, and which amount is one-fourth the value of all crops raised on said lands in said year. And the court doth further order, adjudge and decree, that the report of W. T. Allen, arbitrator, fixing the value of the crops seized by the plaintiff from the defendants at $195.75 be and the same is

hereby approved and confirmed.    And the court doth fur-
ther order, adjudge and decree, that the defendants re-
cover of the plaintiff and the surety on his claim and de-
livery bond, L. R. Hunt, the sum of $195.75, the value of
said crops, less the sum of $65.60 (which is the net rent of
the said lands), with interest thereon from the 30th day of
September, 1895, till paid.    And the court doth further
order, adjudge and decree, that the costs of this action,
including a fee of five dollars for the arbitrator, W. T.
Allen, to be taxed by the clerk, and the costs and ex-
penses of gathering and marketing said crops, amounting
to thirty-two dollars, be paid by the plaintiff and the de-
fendants, each paying one-half.''

From this judgment the plaintiff appealed.

*Mr. A. J. Field*, appellant, *in propria persona.*
*Messrs. Edwards & Royster*, for appellees.

CLARK, J. : The court, having found as a fact that one-
fourth of the crop, less one-fourth of the costs of fertili-
zers used, was a fair rental value, rightly adjudged that the
plaintiff only recover said rental and no more; for the
will, as construed in *Hunt* v. *Wheeler*, 116 N. C., 422,
conferred a right to collect and apply ''the rents and
profits of the land'' upon the lien, but his Honor erred in
taxing the plaintiff with any part of the expense of gather-
ing and marketing the crops, for that devolved upon the
parties paying, or responsible for rent—the defendants.
It was also error to tax the plaintiff with any part of the
costs of the action, except one-half the fees of the arbitra-
tor, or referee by consent—as he really was. *The Code*,
Sec. 533, as amended by Acts 1889, Ch. 37, making the
apportionment of referee's fees discretionary in the court.
As to the rest of the costs, it is true the plaintiffs, having

taken the whole crop under claim and delivery, was adjudged to pay back part of its value to the defendants, but the conduct of the latter, by their admissions in the answer, made the proceedings necessary. The plaintiff, having obtained judgment for part of the crop taken by him in claim and delivery, is entitled to judgment for the costs. *The Code*, 525 (2); *Horton* v. *Horne*, 99 N. C., 219; *Wooten* v. *Walters*, 110 N. C., 251; *Ferrabow* v. *Green*, Ibid, 414.

J. H. Gooch moves in this court to be substituted as party plaintiff (*The Code*, Sec. 965) upon a certificate of the clerk showing an assignment of the judgment in September, 1896. The plaintiff contends that this assignment did not affect the crop of the year 1895. This is a controversy not germane to the appeal and raises a question of fact which can be settled better in the court below than here. Besides, the counsel for Gooch admitted that Gooch bought the judgment in fact for Wheeler, and the latter, if any one, should be made party to the action as the "party in interest." *Code*, 177. This, however, would present the singular spectacle of the same person being plaintiff and one of the defendants. The motion is denied. The costs of this court will be divided. *Code*, 527 (2).

Judgment modified.