R. J. PHILLIPS et al. v. JOHN J. LITTLE.

(Filed 1 April, 1908).

**Mortgagor and Mortgagee — Purchaser of Mortgaged Goods — Possessory Action—Inadequate Value of Mortgaged Goods—Judgment of Ownership—Costs.**

In a suit brought by mortgagees for the possession of certain goods embraced in their chattel mortgage against the defendant, who had subsequently bought them from the mortgagor, when it is found that the plaintiffs, mortgagees, were owners and entitled to possession, and that the goods would not bring the mortgage debt: *Held*, (1) it was not error in the court below to render judgment that plaintiffs, mortgagees, recover the goods embraced in ·this mortgage instead of for the possession and sale of the goods; (2) in the absence of tender of judgment by defendant (Revisal, sec. 860) the plaintiffs should recover their costs of the action.

ACTION tried before *Webb, J.,* and a jury, at October Term, 1907, of ANSON.

Defendant appealed.    The facts are stated in the opinion.

*Robinson & Caudle* for plaintiffs.
*J. A. Lockhart* and *McLendon & Thomas* for defendant.

CLARK, C. J.    This was an action for the recovery of a mule, buggy and harness, alleging (1) that the plaintiff Phillips was induced to trade them off and deliver them to the defendant at a time when said Phillips was so intoxicated that he did not know the nature and consequences of his act;

(2) that the plaintiffs, other than Phillips, are owners and entitled to possession of said property by virtue of a mortgage from him to them, executed prior to the transaction aforesaid between Phillips and the defendant.

Issues were submitted to the jury, who found that Phillips was not intoxicated at the time of the above transaction with the defendant, but that the plaintiffs, mortgagees, as such, were owners and entitled to possession of the buggy and harness, and that the value of same was less than the sum due on the mortgage. His Honor rendered judgment for recovery of the buggy and harness. The defendant excepted because the Judge did not sign the judgment as asked; that the defendant was entitled to possession of the mule; that the buggy and harness be sold to pay the debt; that the defendant recover of Phillips and surety on prosecution bond their costs and the other plaintiffs recover their costs of the defendant.

*Cui bono* order the additional cost of a sale of the buggy and harness when the jury find them worth less than the sum due on the mortgage upon them? If the defendant had tendered judgment before trial or verdict for the buggy and harness, the plaintiffs could not have recovered the costs incurred after the tender. Revisal, sec. 860. But, having fought the case out, the conquered must abide the result of the contest and pay the costs of the struggle. Revisal, sec. 1264 (2). When the plaintiff establishes title to any part of the property sued for, he is entitled to judgment for costs. *Horton v. Horne,* 99 N. C., 219; *Wooten v. Walters,* 110 N. C., 258; *Field v. Wheeler,* 120 N. C., 264. This is not the case where some of defendants recover judgment, in which case, of course, they recover their costs. *Harriss v. Lee,* 46 N. C., 226.

The judgment appealed from is
Affirmed.