### VERNON ALLEN, Ex'r, v. THOMAS JACKSON.

*Justice's Jurisdiction—Amendment of Summons.*

1. To give a justice of the peace jurisdiction of civil actions under section twenty-seven, article four of the constitution, the summons, as a substitute for a complaint in such case, must show upon its face that the cause of action is within his legal cognizance; if the action be founded on contract, it must contain the amount of the sum demanded —not exceeding $200; if not on contract, it must specify the value of the property in controversy—not exceeding $50.

2. An amendment of summons in the superior court, that would, if made in the justice's court, have given the justice jurisdiction of the action, was properly refused.

(*Duffy* v. *Averitt*, 5 Ired., 455; *Henderson* v. *Graham*, 84 N. C., 496; *Justices* v. *Simmons*, 3 Jones, 187, cited and approved.)

CIVIL ACTION heard on appeal from a justice's judgment, at Fall Term, 1880, of ANSON Superior Court, before *Avery, J.*

The defendant moved to dismiss the action on the ground that it was brought, as appears from the summons, before a justice of the peace "for the recovery of a bale of cotton weighing 500 pounds as rent for a farm," and that the justice had no jurisdiction. The plaintiff thereupon moved to amend the summons so as to show that the action was brought (on contract) "for the recovery of fifty-five dollars, the value of a bale of cotton, as rent for a farm." The judge held that no amendment could be allowed in the superior

court, that would, if made in the justice's court, have given the justice jurisdiction by reason of the amendment, and ordered the action to be dismissed, and the plaintiff appealed.

*Messrs. Battle & Mordecai,* for plaintiff.
*Messrs. Payne & Vann* and *Burwell & Walker,* for defendant.

SMITH, C. J. The summons issued by the justice commands the defendant to appear at a time and place designated "to answer Vernon Allen and Thomas J. Caudle, executors of William Allen, deceased, in an action for the recovery of a bale of cotton, weighing five hundred pounds, *as rent for a farm,*" without specifying its value or the amount of damages sustained by reason of its non-delivery.

Previous to the adoption of the constitution of 1868 a civil warrant issued to enforce a money demand was required to state the sum claimed and how due, and this was held in *Duffy* v. *Averitt,* 5 Ired., 455, to be a material averment; and since the enlargement of the jurisdiction of the justice in civil causes under that instrument, the statute; prescribing the form of the summons, in express words directs that "*it shall also contain the amount of the sum demanded by the plaintiff.*" C. C. P., § 496. As his jurisdiction in such cases is derived entirely from the statute and is limited by the amount sought to be recovered, the summons, which in the absence of a complaint is substituted in its place, should show upon its face that the cause of action is within his legal cognizance and his competency to afford relief.

This principle applies as well to the exercise of "jurisdiction of civil actions not founded on contract" conferred since the amendments to the constitution, as to that possessed before, since it is equally restricted by "the value of the property in controversy."

Whether then the action be regarded as founded on a contract to pay the bale of cotton *as rent* for the leased premises, or for a tortious withholding of property belonging to the plaintiff, the omission to set out the amount claimed, is in either aspect of the case a fatal defect in the process; and the justice, as well as the judge upon the appeal, properly adjudged that the action be dismissed.

While we see no legal objection to the amendment, removing the defect if made by the justice, not as *conferring*, but to *show jurisdiction* in him, the reason assigned for refusing it in the superior court seems to us fully sufficient.

Where the effect of a proposed amendment would be to reverse a judgment rightly rendered in the inferior court, and confer a jurisdiction wholly derivative and dependent upon that possessed by the justice to entertain the cause, it is properly refused. *Justices of Tyrrell* v. *Simmons*, 3 Jones, 187 ; *Henderson* v. *Graham*, 84 N. C., 496.

There is no error, and the judgment must be affirmed.

No error. Affirmed.