J. B. W. NOVILLE v. LAWRENCE DEW.

*Claim and Delivery—Justice's Jurisdiction.*

1. In actions *ex contractu*, justices of the peace have jurisdiction, when the *sum demanded* does not exceed two hundred dollars, but in actions *ex delicto*, their jurisdiction is limited to cases wherein the *value of the property* does not exceed fifty dollars.

2. In actions before a justice of the peace, if on contract, the summons should state the amount demanded, if for a tort, it should state the amount of damages claimed, and if for the recovery of specific property, the value of the property, and such statement in the summons gives the justice *prima facie* jurisdiction.

3. *It seems*, that where a plaintiff, in an action for a tort before a justice, only demands damages to the amount of fifty dollars—and on the trial it is ascertained that his damages amount to more than that sum, he may remit the excess, and thus give jurisdiction to the justice.

4. Where, in an action of claim and delivery, it appears that the value of the property exceeds fifty dollars, it at once oust the jurisdiction of the justice, and the plaintiff cannot confer jurisdiction by a remitter.

5. A judgment rendered by a justice of the peace in an action in which he has no jurisdiction, is void.

6. Where, in an action of claim and delivery begun before a justice, the jury found the value of the property to be over fifty dollars, but that the plaintiff was entitled to the possession ; *It was held*, that the justice had no jurisdiction and the action should be dismissed and the property restored to the defendant.

(*Allen* v. *Jackson*, 86 N. C., 321 ; *Dalton* v. *Webster*,.82 N. C., 279 ; *Harper* v. *Davis*, 9 Ired., 44 ; *Grist* v. *Hodges*, 3 Dev., 198 ; *Jones* v. *Jones*, 3 Dev., 360 ; *Branch* v. *Houston*, Busb., 85 ; *Burroughs* v. *McNeill*, 2 Dev. & Bat. Eq., 297 ; *State* v. *Benthall*, 82 N. C., 664 ; *Perry* v. *Tupper*, 70 N. C., 538 ; *Manix* v. *Howard*, 82 N. C., 125, cited and approved).

CIVIL ACTION, tried before *Graves, Judge,* and a jury, on appeal from the judgment of a justice of the peace, at Spring Term, 1885, of EDGECOMBE Superior Court.

The plaintiff complains that the defendant unlawfully and wrongfully withholds from him a mule of the value of fifty dollars.

The defendant denies the allegations of the complaint.

Two issues were submitted to the jury:

1st. Is the plaintiff the owner of the mule described in the complaint?

To which they responded—Yes.

2nd. What is the value of the mule?

To which they responded—Seventy-five ($75) dollars.

Upon hearing the testimony offered by both parties, the Court finds the value of the mule sued for to be seventy-five ($75) dollars.

Upon the return of the verdict and the finding of the Court, the defendant moved to dismiss plaintiff's action and for a writ of restitution because of want of jurisdiction in the justice's Court.

The plaintiff resisted the motion:

1st. Because it is the value of the mule demanded *bona fide,* and not the value found by the jury that determines the jurisdiction.

2nd. For that, as the jury had found the property to be in the plaintiff, the defendant had no right to an order of restitution.

His Honor sustained the motion of the defendant, and gave judgment dismissing the action, and ordered the writ of restitution to issue.

From this judgment, the plaintiff appealed.

*Mr. G. M. T. Fountaine,* filed a brief for the plaintiff.

*Messrs. John L. Bridgers* and *A. W. Haywood,* for the defendant.

Ashe, J. (after stating the facts). We find no error in the judgment of the Superior Court. There is a marked distinction in the jurisdiction of justices of the peace in actions *ex contractu* and *ex delicto.* In both cases, their jurisdiction is limited and defined by the Constitution. By Art. 4, §27, jurisdiction is given to them of all civil actions founded on contract, wherein the *sum demanded* shall not exceed two hundred dollars, " and the General Assembly may give to justices of the peace jurisdiction of other civil actions, wherein the *value of the property in controversy* does· not exceed fifty dollars;" and the General Assembly, in the exercise of this power, have enacted that "justices of the peace shall have concurrent jurisdiction of civil actions not founded on contract, wherein the *value of the property* in controversy does not exceed fifty dollars." The Code, §887.

In the one case it is the *sum demanded,* and in the other the *value of the property* sued for, that constitutes the criterion by which the jurisdiction is to be determined. In either case, the amount of the sum demanded, or the value of the property sued for, must be stated in the summons. The Code, §832, *Allen* v. *Jackson,* 86 N. C., 321.

Where the action is for a tort, the summons should contain the amount of damage claimed, not exceeding fifty dollars, and if for the recovery of specific property, for instance by *claim* and *delivery,* the value of the property, not exceeding that amount, should be set forth in the summons. It is the sum demanded, or the damages claimed, or the value of the property sought to be recovered, as set forth in the summons within the prescribed limitations, that *prima facie* gives jurisdiction to a justice over the cause of action. To this an exception is made, when the action is on contract, and the sum demanded exceeds two hundred dollars, and the plaintiff shall remit the excess of principal above two hundred dollars, with interest on the said excess, and shall, at the time of filing his complaint, direct the justice to make an entry to that effect. The Code, §835; *Dalton* v. *Webster,* 82 N. C., 279.

But this section does not embrace actions for torts. Yet we do not see why in the action for a tort, when damages are claimed, the case does not come within the spirit of the act, to the extent, that when the plaintiff, in his summons and complaint, only claims damages to an amount not exceeding fifty dollars, and on the trial it is ascertained that his damages amount to more than that sum, he may not remit all the excess over the amount claimed in his summons, and have judgment for that amount. In the case of *Harper* v. *Davis*, 9 Ired., 44, when the damages were assessed by the jury to an amount greater than that demanded in the warrant, the plaintiff was allowed, in this Court, to remit the excess and have judgment for the amount demanded in the warrant, the case having been commenced before a justice of the peace. See also *Grist* v. *Hodges*, 3 Dev., 198. But this point is not presented by the record for our decision.

Yet, however it may be, when the action begun before the justice is to recover damages arising from a tort, there can be no question, it seems to us, that when the action is *claim and delivery* for the recovery of specific property, as in this case, and the value of the property is found to be more than fifty dollars, that fact ousts the justice of jurisdiction. It is not such a case, as the cause of action could be brought within the jurisdiction of a justice, by a remitter, for the plaintiff must recover judgment for the specific property, and if its *value* exceeds fifty dollars, the justice, under the Constitution, has no jurisdiction, and any judgment he might render in such a case would be a nullity. In *Jones* v. *Jones*, 3 Dev., 360, it is held, that a judgment rendered by a justice of the peace for a larger sum than he had jurisdiction, is void. And it is held by the Court, that when a defect of jurisdiction is made to appear to the Court, that it is exercising a power not granted, it ought to stay its action, and, *ex necessitate*, the Court may, on plea, suggestion, motion, or *ex mero motu*, when the defect of jurisdiction is apparent, stop the proceeding. *Branch* v. *Houston*, Busb., 85; *Burroughs* v.

*McNeil,* 2 Dev. & Bat. Eq., 297 ; *State* v. *Benthall,* 82 N. C., 664.

Under these authorities then, it was right and proper, and the duty of the Judge in the Court below, when it was found by the jury that the property sued for was worth more than fifty dollars, to dismiss the action and award to the defendant a writ of restitution for the mule. For it has been decided by this Court, that "whenever a party is put out of possession by process of law, and the proceedings are adjudged void, an order for a writ of restitution is a part of the judgment." *Perry* v. *Tupper,* 70 N. C., 538.

We have not overlooked the fact that in actions like this for the recovery of specific property, the judgment is in the alternative, like that in the old action of detinue, " for restoring of the specific articles if to be had, and if not, for their value as assessed by the jury." *Manix* v. *Howard,* 82 N. C., 125.

In such a case where the *value* of the property and the damages assessed amount to more than fifty dollars, there could not be a remitter, for, as the judgment must be for the specific property if it can be had, and if it is ascertained to be worth more than fifty dollars, the principle of remitter could not apply.

Our conclusion is there was no error, and the judgment of the Superior Court is affirmed.

No error.                                             Affirmed.