THE SINGER MANUFACTURING CO. v. G. C. BARRETT.

*Amendment—Case on Appeal—Exceptions—Jurisdiction—Justice of the Peace.*

1. The object of the "case on appeal" is to set forth the alleged érrors appealed from, and if it sufficiently discloses these, the appeal will not be dismissed though the record does not show formal exceptions.

2. In an action before a Justice of the Peace in which two causes of action were alleged, the first sufficiently but the second defectively, for want of proper averment of jurisdictional facts, the Justice may proceed to judgment upon the first.

3. In an action before a Justice of the Peace for the recovery of the value or return of property under Sec. 267 of The Code, it must be averred in the summons that the value thereof does not exceed fifty dollars.

4. The Justice of the Peace, or the Superior Court on appeal, has power to make such amendments to the record of an action that will bring it within the jurisdiction of the Court where it originated.

5. The affidavit filed preliminary to obtaining requisition for the seizure and delivery of property will not be treated as a complaint, and its averments cannot cure a defect in the summons, or complaint.

6. The power to amend process, pleading, &c., under Sec. 887 of The Code, discussed by MERRIMON, J.

(*Allen* v. *Jackson*, 86 N. C., 321; *Norville* v. *Dew*, 94 N. C., 43; *Wilson* v. *Hughes*, Ibid, 182; *Ashe* v. *Gray*, 86 N. C., 190; *Deloach* v. *Comm'rs*, 90 N. C., 186; *Morris* v. *O'Briant*, 94 N. C., 72; *State* v. *Vaughan*, 91 N. C., 532; *State* v. *Crook*, Ibid, 536, cited and approved).

This action began before a Justice of the Peace, who gave judgment for the defendant upon the merits, and the plaintiff appealed to the Superior Court. The following is the case settled upon appeal for this Court:

"The summons issued by the plaintiff, demanded judgment for the non-payment of the sum of forty dollars and ...... cents, and interest on ......... ......... from ... day of ........., until paid, due by account, and for the claim and delivery of one sewing machine, and demanded by said plaintiff, and for cost. The defendant moved to dismiss, for the reason that the summons failed to show upon its face that the cause of action was

within the jurisdiction of a Justice of the Peace, in that it failed to specify the value of the sewing machine claimed. The plaintiff insisted that the summons, taken in connection with affidavit, was sufficient—and it was moved to amend by inserting the value in the summons. The Court being of opinion that it did not have the power to make an amendment to confer jurisdiction, and that the plaintiff could not join the two causes of action set forth in the summons, refused to allow the amendment, and dismissed the action. From this judgment plaintiff appealed."

The appellee moved that the judgment be affirmed, " because no exception was made on the trial below, as appears from the record."

Mr. R. W. Winston, for the plaintiff.
Mr. Charles M. Busbee, for the defendant.

MERRIMON, J. We are of opinion that although the appellant's grounds of exception and assignment of errors appear informally, they appear sufficiently from the case settled upon appeal by the Court. The very purpose of the case settled, is to set forth the errors assigned and such matters and things as pertain thereto, and while exceptions might appear in the record proper, it is not essential that they should do so. The rulings of the Court adverse to the appellant complained of, distinctly appear, and the plain implication and just inference is, that it objected and excepted to each of these particular rulings. The Court can see with reasonable certainty the alleged errors, and this is sufficient, although it had been better if they had been assigned with more precision and formality.

The action was begun before a Justice of the Peace. The summons shows upon its face, that the plaintiff therein sued the defendant for the sum of forty dollars with interest, due by account, thus plainly stating a cause of action within the jurisdiction of a Justice of the Peace. It also sets forth, imperfectly

and insufficiently, another cause of action, thus: "And for the claim and delivery of one sewing machine." This is insufficient. It ought to have stated the value of the property, and such facts as would show that the two causes of action could be united in the same action, as allowed by *The Code*, §267; *Allen* v. *Jackson*, 86 N. C., 321. It was competent for the Justice of the Peace to allow an amendment in this respect. It seems, however, that he did not deem this necessary, as he tried the case upon its merits, and gave judgment for the defendant.

In the Superior Court, the appellee, as we have seen, moved to dismiss the action upon the ground, that the "summons failed to show upon its face that the cause of action was within the jurisdiction of a Justice of the Peace, in that it failed to specify the value of the sewing machine claimed." It was insisted by the appellant, in reply in this connection, that the summons, taken with the affidavit in respect to the ancillary proceeding of claim and delivery, cured the defect as to the cause of action in relation to the machine. This is a misapprehension of the law. The affidavit, though it stated the value of the property, could not cure the defect, because the value of the machine should have been stated in the summons, and the affidavit was not a part of it, nor part of the complaint of the action, whether it be oral or written. *Norville* v. *Dew*, 94 N. C., 43. The provisional proceeding of claim and delivery was not an essential part of the action : it was only incidental and ancillary to it. *Wilson* v. *Hughes*, 94 N. C., 182.

But treating this cause of action as insufficiently set forth, and as quashed, as it ought to have been, in the absence of a demurrer, or a motion to amend in this respect, still there was another cause of action sufficiently alleged in the summons, treating it as the complaint, of which the Justice of the Peace had jurisdiction, and which the Superior Court ought to have proceeded to dispose of according to law. If the second cause of action went for naught, as it did, the plaintiff had the right to have his action tried upon its merits, as to the first cause of action. The two causes of action

were distinct, and not essential to each other. The defective one did not oust the jurisdiction of the Court as to the one well pleaded. There was therefore error in the order dismissing the action. *Ashe* v. *Gray*, 86 N. C., 190; *Deloach* v. *Comm'rs*, 90 N. C., 186; *Morris* v. *O'Briant*, 94 N. C., 72.

Precisely what amendment the appellant asked for, does not appear, but the reasonable inference is, that it asked to amend the allegation in the summons as to the second cause of action, so as to show the jurisdiction, and that the two causes of action might be united in the same action. So accepting the fact to be, we think the Court erred in refusing to allow the amendment asked for, upon the ground that it did not have the power to do so. In our judgment, it had such power.

It obviously appeared that the Justice of the Peace had jurisdiction of the action as to the first cause of action, which was well and sufficiently stated. It did not appear that he based his judgment on the ground that he had not jurisdiction, and especially for the present purpose, he did not decide that he had no jurisdiction of the second cause of action—any question in that respect was left open. It appeared from the affidavit mentioned, that he had jurisdiction; it states that the value of the machine was thirty dollars, and the Justice of the Peace had jurisdiction of civil actions not founded on contract, where the value of the property in controversy does not exceed fifty dollars. *The Code,* §887.

The statute, (The Code, §908,) provides, that "No process or other proceeding, begun before a Justice of the Peace, whether in a civil or a criminal action, shall be quashed or set aside, for want of form of the essential matters that are set forth therein; and the Court in which any such action shall be pending, shall have power to amend any warrant, process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be deemed just, at any time, either before or after judgment."

The power thus conferred is remedial, thorough and comprehensive. Justices of the Peace are not usually men learned in the law, but they are nevertheless a large, useful and important class of public officers, who do a great deal of judicial and other business, that ought to be sustained, whenever it can be without injustice to parties and individuals. The purpose of the statute cited, is to help and uphold all actions and proceedings before such officers, in the furtherance of justice. The power thus conferred, extends not simply to matters of form, but as well to amending "any warrant, process, pleading or proceeding" in any action in respect to matters of substance—that is, in material and essential respects wherein they are defective and insufficient within the compass of the action or proceeding. The Superior Court cannot create and supply their jurisdiction, but it can amend a process or pleading to make the jurisdiction appear properly, when in fact it did exist, but did not so appear, thus rendering effectual a large and important class of judicial proceedings, that otherwise would very frequently entirely fail, to the injury of individuals and the prejudice of the public.

The power is large and important, but it is to be exercised by learned and just Judges, who will apply it on such terms and in such cases as they deem just, and with a view only to the furtherance of justice. *State* v. *Vaughan*, 91 N. C., 532; *State* v. *Crook*, Id., 536.

The purpose of the amendment asked for in this case, was not to create nor to confer jurisdiction, nor to constitute an action, nor to supply a cause of action not before the Justice of the Peace, but within the scope of the action begun, to perfect the process, and make the jurisdiction which in fact existed, appear in the summons. The cause of action was imperfectly and insufficiently stated in the summons—the object was to cure this defect in the process, treated as the complaint, by amendment. The power to do this comes, it seems to us, within the letter and the spirit of the statute, and there is neither principle nor authority that forbids its exercise; the facts and merits of the

motion to amend warrant it, and whether they do or not, the Court will determine. The Justice of the Peace could have allowed the amendment, and there is no reason why the Superior Court may not do so in a proper case,

What we have here said is not in conflict with what is decided in *Allen* v. *Jackson, supra.* In that case the Justice of the Peace had dismissed the action because he had not jurisdiction, as according to the face of the summons he had not, and the plaintiff appealed to the Superior Court. The latter Court refused to allow an amendment of the summons, so as to make it show the jurisdiction, not because it did not have the power to do so in a proper case, but because the judgment of the Justice of the Peace was correct as the process appeared. The Court properly refused to absurdly reverse a correct judgment. Hence in that case the Chief Justice said, "Where the effect of a proposed amendment would be to reverse a judgment rightly rendered in the Inferior Court, and confer a jurisdiction wholly derivative and dependent upon that possessed by the Justice to entertain the cause, it is properly refused."

There is error. The judgment dismissing the action must be reversed. To that end, and to the further end that further proceedings may be had in the action according to law, let this opinion be certified to the Superior Court. *It is so ordered.*

Error.                                                     Reversed.