THOMAS W. STRANGE, Assignee, &c. v. S. H. MANNING, et al.

### *Complaint—Pleading—Demurrer.*

If the complaint alleges several causes of action, some of which are bad, but one is good, it is error to sustain a demurrer to the whole complaint. The plaintiff should be allowed to proceed upon his good assignment.

This action was heard upon COMPLAINT AND DEMURRER, before *Philips, J.,* at Fall Term, 1887, of NEW HANOVER Superior Court.

The complaint set out two causes of action—the *first* alleging, in substance, that the defendant Manning, as Sheriff of New Hanover County, by the direction of his co-defendants, and who had also executed to him an indemnity bond had unlawfully seized and sold under executions issued on judgments in favor of the said co-defendants against one Crapon, certain property belonging to the plaintiff, and demanded judgment for the value of the property so sold, together with special damages, which it was alleged were suffered in consequence of the unlawful act of the de-defendants.

The second cause of action stated, in substance, the same facts, and, in addition thereto, that the conduct of the co-defendants was induced by malice toward the plaintiff (or his assignor) and demanded judgment: 1, against all the defendants for the value of the property and damages for its unlawful seizure; 2, against the defendant Sheriff alone for damages for unlawfully and wilfully seizing and selling the property; and 3, against his co-defendants for " maliciously ordering the seizure of said property," &c.

The defendants demurred and assigned the following causes:

1. That two causes of action have been improperly united in this: That the first cause of action is against all of the defendants for the seizure of the property mentioned therein, while the second cause of action is against the defendant, the First National Bank, alone for a malicious injury; and, further, that the two causes of action do not affect all of the defendants, the said bank only being affected by the second cause of action and the other defendants having no interest therein.

2. And the defendants further demur to the second cause of action on the ground that the same does not state facts sufficient to constitute a cause of action in this: That the malice therein charged is not alleged to have been against the plaintiff, but is substantially alleged to have been against George M. Crapon and his wife, Mary Emma Crapon, who are not parties to this action.

Wherefore defendants pray that this action be dismissed at plaintiff's cost.

The demurrer was sustained, and the plaintiff appealed.

*Mr. Thos. W. Strange,* for the plaintiff.
*Mr. D. L. Russell,* for the defendants.

MERRIMON, J. The complaint is not orderly and precise, but it, in substance and effect, alleges with sufficient intelligence a cause of action against all the defendants. What is termed a second cause of action is, in substance, the first one, with facts alleged in aggravation of damages as to some of the defendants. If the demurrer should have been sustained as to the second cause of action, obviously it should not have been as to the first one.

It is important, proper and very much better, that all pleadings shall be orderly and formal, avoiding unnecessary repletion and redundancy in the allegations embraced by them, but though they be informal and disorderly, if they set forth with reasonable certainty and intelligence the substance of the matter pleaded, the Court will take notice of and uphold them as pleadings, and, if need be, direct amendments as to mere matters of form.

The effect of sustaining the demurrer as a whole was to put the plaintiff out of Court, although he had sufficiently alleged a cause of action as to all the defendants. If he could not by reason of defects in the pleadings have recovered in the full measure and in every aspect of his case, as claimed by him, he should have been allowed to do so as far as he could. *Singer Manufacturing Co.* v. *Barrett*, 95 N. C., 36.

The judgment must be reversed and further proceedings had in the action according to law.

Error.