VINA LEATHERS v. W. H. MORRIS.

*Amendment—Jurisdiction of Justices of the Peace—Judgment—Estoppel.*

1. In actions in the Courts of Justices of the Peace, it is essential that that the summons shall contain a statement of the sum or the value of the property sought to be recovered, and a defect in this particular will not be cured by the insertion of the necessary averment in the pleadings or other process.
2. Without such averment in the summons, the Court acquires no jurisdiction, and any judgment rendered thereon is void, and may be collaterally attacked for that reason.
3. When, however, it is made to appear that the Court would have jurisdiction if the summons had contained the proper allegation, but it was omitted by mistake or inadvertence, it may, pending the action, permit the necessary amendment.

This was a CIVIL ACTION, tried before *Merrimon, J.,* at January Term, 1888, of DURHAM Superior Court.

The plaintiff alleged that, in April, 1883, the defendant held a mortgage on the mule in controversy in this action,

executed to him by one Sidney Jenkins; that after that time Jenkins exchanged the mule for a horse; that thereafter Jenkins gave to the defendant a mortgage on the horse, which mortgage plaintiff claimed was in satisfaction of the former mortgage on the mule; that thereafter one Ned Leathers, to whose right plaintiff has succeeded by assignment, became the owner of the mule, by an exchange with John Merritt, and that the value of the mule was one hundred and twenty-five dollars; that the defendant, by a foreclosure of mortgage on the horse, realized more than enough to satisfy his mortgage; that thereafter Ned Leathers, an ignorant man, and totally unaware of the foregoing facts, was sued by the defendant Morris in a Court of a Justice of the Peace, for the possession of the mule, and a recovery had against him on account of the legal title outstanding in Morris, and that by reason of that recovery had taken possession of and wrongfully detained the mule.

The defendant denied the material allegations of the complaint; and, for a further defence, alleged :

That on the 24th day of April, 1885, he brought an action of claim and delivery before a Justice of the Peace in said county, of which action the Justice had jurisdiction, against Ned Leathers, under whom the present plaintiff claims, to recover the mule, alleging that the mule was the property of the said Morris; that the said Ned Leathers was duly made a party to said action, and was present and defended the same; that the Justice, after hearing the allegations and proofs of both parties, adjudged the mule, which is the subject of the present action, to be the property of said W. H. Morris, from which judgment the said Ned Leathers did not appeal, and said judgment is still subsisting and in force.

Therefore, the defendant says that the plaintiff is estopped to prosecute her present suit.

To sustain the estoppel, as above set forth, the defendant introduced the Justice's docket and the original papers in the cause.

The summons was in the usual form, and demanded judgment "for the wrongful detention of one dark bay mule," without an averment of its value.

In an affidavit, upon which a requisition for the delivery of the mule was issued, its value was stated to be "about fifty dollars."

After introducing this evidence, the defendant asked his Honor to submit an issue, as to whether or not the plaintiff was estopped by said judgment in the Magistrate's Court to maintain her present suit, which the Judge declined to do, upon the ground that the proceedings before the Magistrate were a nullity. The defendant excepted.

There was a verdict and judgment thereon for plaintiff, from which the defendant appealed.

No counsel for the plaintiff.
*Mr. John Devereux, Jr.*, for the defendant.

MERRIMON, J. The defendant relied upon a judgment in an action determined before a Justice of the Peace, as an estoppel upon the plaintiff. The latter objected that the supposed judgment was a *nullity*, upon the ground that the Justice of the Peace had not jurisdiction of the subject-matter of the action. The Court sustained the objection, and the appellant assigns this decision as error.

The action before the Justice of the Peace was brought to recover possession of a mule. The summons therein simply commanded the defendant "to answer the complaint of W. H. Morris for the wrongful detention of one dark bay mule." It did not specify the value of the mule, nor does this appear in the whole course of that action, or in the judgment therein, except that in the affidavit in the claim and delivery pro-

ceeding, it is stated that "the actual value of said property (the mule) is *about* fifty dollars." The statute (*The Code*,. § 832,) among other things, provides that the *summons* issued in actions in Courts of Justices of the Peace, shall "*also contain the amount of the sum demanded by the plaintiff.*" The important purpose of this requirement is to show by such demand that the limited jurisdiction of the Court arises and attaches as soon as the summons shall be served. And it is deemed essential that such demand shall so appear, whether the cause of action be founded on contract or it be a demand for the possession of property or for its value. *The Code*, § 887; *Allen* v. *Jackson*, 86 N. C., 321; *Noville* v. *Dew*, 94 N. C., 43; *Singer Manufacturing Co.*, v. *Barrett*, 95 N. C., 36.

The statement of the value of the property in the affidavit mentioned to be "*about* fifty dollars" was not sufficient if this had been in the summons, because the demand must be for fifty dollars or a sum less than that to give rise to the jurisdiction. But a proper statement of the sum of money demanded in the affidavit, if it had been found there, was not sufficient to cure the defect of the absence of the proper demand in the summons; it has been so decided.

When however the cause of action, the sum demanded, was in fact within the jurisdiction of the Court, and the demand was omitted by inadvertence or mistake from the summons, the Court might, pending the action, allow a proper amendment to *show* the demand, not to *give* jurisdiction, but to make it appear in and by the summons from which it had been so omitted. Such amendment would relate back to the date of the summons and render it efficient; it could not in such case work injustice to the parties because in fact the jurisdiction existed; it only helped, cured defective process. *Noville* v. *Dew*, *supra*; *Singer Manufacturing Co.* v. *Barrett*, *supra*.

As to the supposed judgment in question it does not appear that the Court of limited jurisdiction ever acquired

jurisdiction of the subject matter of the action in which it was given, and particularly a requirement essential to give that Court jurisdiction does not appear in the summons as the statute requires.

The Court below therefore properly held that the judgment was null and void.

Affirmed.