McPHAIL BROS. v. J. H. JOHNSON.

*Practice—Amendment of Summons—Jurisdiction of Justice—Amount of sum Demanded—Effect of Remittitur of Excess of $200—Filing of Account—Conduct of Trial—Attorney.*

1. Where a summons issued by a Justice of the Peace did not state the sum demanded, an amendment permitting the blank to be filled was properly allowed on the trial of the action on appeal. It served only to *show* and not to *confer* jurisdiction, and was retroactive.

2. Where the sum demanded was not stated in a summons issued by a Justice, but the complaint demanded over $200, a remittitur before

the Justice of the excess over $200 sufficiently showed the juris-
diction of the Justice.

3. In an action on a contract for sawing timber, it is not necessary to set
out the items in the pleadings, section 591 of *The Code* being appli-
cable only to actions brought under the "book-debt law."

4. While it is the duty of a trial Judge to see that no litigant should be
abridged of his rights in the trial of an action, he should also see
that the public time is not uselessly consumed; therefore, where
counsel persisted in repeating questions and asking others entirely
foreign to the subject-matter of the trial, and needlessly protracted
the trial, it was not error in the Judge, after repeatedly cautioning
the counsel, to stand the witness aside.

This was a CIVIL ACTION, begun in a Court of a Justice of
the Peace, and tried on appeal of defendant before *Shuford, J.*,
and a jury, at November Term, 1893, of CUMBERLAND Supe-
rior Court.

After the case was called and the jury impaneled, the
defendant moved to dismiss the action on the ground that
the summons failed to state the amount of money demanded
by the plaintiffs, so as to show the jurisdiction of the Court,
as required by section 832 of *The Code.* The summons sim-
ply requiring the defendant to answer the plaintiff "in a
civil action for the sum of $____, due for timber sawed by
contract for defendant, and ____ cents, with interest from
the __ day of ____." ·

It appeared from the record that pleadings were filed before
the Justice of the Peace, and that the plaintiffs, in their com-
plaint, claimed only $200, and forgave and remitted all of
their debt in excess of said amount. The Court declined the
motion and allowed the plaintiffs to amend the summons by
inserting the words "two hundred" as the sum demanded.
The defendant objected, on the ground that the Court could
not allow the amendment, as it was an amendment conferring
jurisdiction, and, the jurisdiction of the Superior Court being
appellate and derivative, the said Court could not amend the
summons in an essential particular, so as to confer jurisdic-

tion that did not appear by original process. Objection overruled, and defendant excepted.

The plaintiffs offered in evidence a contract between H. Wade & Co., the execution of which was admitted by the defendant. The plaintiffs further offered in evidence a paper-writing, containing terms of dissolution of the copartnership of H. Wade & Co., the execution of which was admitted by the defendant.

The defendant objected to the introduction of this last mentioned agreement, for the reason that it undertakes to transfer the contract of April 16, 1890, which the defendant insists was *res inter alios* and without consideration, to defendant, and, in law, was not assignable.

Before ruling upon this question, the Court permitted the plaintiffs to introduce as a witness D. A. McPhail, who testified that Johnson had notice of the change in the firm of H. Wade & Co., and made no objection. The day the dissolution was made, and before it was made, he had a conversation with Mr. Johnson about the dissolution, and he said he was glad the dissolution was made, as he thought they could get along better than before. They continued the business under the contract just as before. Mr. Johnson received the lumber from the mill, which was sawed just as before.

After hearing the foregoing testimony, the Court overruled the objection of the defendant to the introduction of the paper-writing containing terms of dissolution of the firm of H. Wade & Co., by which McPhail Bros. became their successors, and allowed the same to be read, and to this ruling the defendant excepted.

The plaintiff offered J. H. McPhail as a witness, who testified as follows: "We furnished the defendant lumber to the amount of $297.78, which we claim in this action, less the amount remitted."

The defendant objected to this manner of proving an

account in bulk and without items. Objection overruled, and defendant excepted.

On cross-examination this witness stated that $297.48 was not all that was furnished, but that lumber amounting to $1,064.76 had been furnished the defendant; that a large part thereof had been paid for, and only a balance of $297.48 was due.

Defendant's attorney asked witness if he did not have a book account showing the dealings between the plaintiffs and defendant, and the witness stated that he did, and produced in Court a book containing the account of the defendant and the plaintiffs, and tendered the same to defendant's counsel for examination and inspection. One of the defendant's counsel examined the witness in reference to the book and the items of account until the counsel seemed well-nigh exhausted, and the witness was then, by permission of the Court, taken up on further examination by another of defendant's counsel, and the examination continued quite lengthy and with frequent repetition of questions. Plaintiffs' counsel objected to the repetition of questions, and charged that the defendant's counsel were prolonging the examination to a great and unusual length for the purpose of consuming the entire day (it being the last day of Court and late in the afternoon), and thereby avoiding a judgment against the defendant. The Court, during the examination, frequently notified defendant's counsel that the examination should be conducted in a legal and proper manner, and only such questions asked as were pertinent to the issues, and the defendant's counsel still persisted in repeating questions, and asking questions entirely foreign to the issue, and thereupon the Court stood the witness aside. The defendant's counsel insisted on still further examining the witness, but if they made any exception at the time, the same was not heard by the Court. In their statement of case on appeal, however,

they take exception to the action of the Court in standing the witness aside.

There was a verdict and judgment for the plaintiffs, and defendant appealed.

*Mr. T. H. Sutton,* for plaintiffs.
*Mr. G. M. Rose,* for defendant (appellant).

CLARK, J.: The amendment permitting the blank in the summons to be filled was not to confer, but to show jurisdiction. *Cox* v. *Grisham,* 113 N. C., 279; *Manufacturing Co.* v. *Barrett,* 95 N. C., 36; *Leathers* v. *Morris,* 101 N. C., 184; *Allen* v. *Jackson,* 86 N. C., 321. It was properly allowed. *The Code,* § 908; *Henderson* v. *Graham,* 84 N. C., 496; *State* v. *Norman,* 110 N. C., 484. In fact, the remittitur before the Justice of the excess over $200 sufficiently showed jurisdiction. *Norville* v. *Dew,* 94 N. C., 43; *Dalton* v. *Webster,* 82 N. C., 279; *The Code,* § 835. Had the summons as issued stated the amount, that would have settled the jurisdiction. *Starke* v. *Cotten,* at this term. The amendment was retroactive, *nunc pro tunc.* The second and third exceptions were without merit and need no discussion. Nor was it requisite that the items should be set out in the pleadings. *The Code,* § 259. A bill of particulars could have been ordered by the Court, if demanded. *The Code,* § 840. Rule 10. *The Code,* § 591, only applies to actions brought under the "book-debt law," and has no bearing in a case like this.

The conduct of counsel in repeating questions and asking questions entirely foreign to the matter in hand, after repeated caution by the Court, so as to needlessly protract the trial, amply justified the standing aside of the witness. The Judge is charged with the duty of having the trial properly conducted. He should take care that the time of the Court is not wasted. Courts are very expensive. While a Judge should see that matters are not so hurried that any litigant

is abridged of his rights, he should also see that the public time is not uselessly consumed. He is not a mere moderator, but the Court itself, and owes duties to the public as well as to litigants.    No Error.