MABEL BAKER v. WALTER BREM *et al.*

(Decided April 17, 1900.)

*Town Constable—Civil Process, How 'Addressed—Amendment of Process, When Allowable.*

1. To render valid the service of civil process by a town constable, it must be addressed to him in the name of the office he holds, that is, as constable of the particular town.    The Code, sec. 3810.

2. Process otherwise directed is a nullity, and can not be amended after service.

3. Under sec. 908 of The Code, process may be amended, but the amendment, to be made, is to show jurisdiction, not to confer it.

BAKER *v.* BREM.

CLAIM AND DELIVERY, heard on appeal from the Justice's Court, before *Bowman, J.,* at November Term, 1899, of BURKE County.

The summons was served by J. A. Wall, a town constable of Morganton. The defendants' counsel entered a special appearance, and moved to dismiss the action, for the reason that the summons and process were not directed to him in the name of the office he holds, that is, as constable of the town of Morganton.

The motion was disallowed, and the plaintiff was allowed to amend in the respect mentioned. In the Superior Court the defendants renewed their motion to dismiss, upon the ground stated. Motion disallowed. Defendants excepted. And after verdict and judgment for the plaintiff, the defendants appealed.

*Messrs. Avery & Ervin,* for appellant.
*Mr. J. T. Perkins,* for appellee.

MONTGOMERY, J. The Justice of the Peace who issued the summons in this case (the action being for the recovery of personal property) deputized John Wall to execute and return it. The return of the summons was signed "J. A. Wall, D." The letter "D" is supposed to stand for deputy, but whose deputy is not stated, nor do we know. The defendant's counsel moved, in a special appearance for the purpose, to dismiss the action on the following ground:

"That J. A. Wall being the constable only of an incorporated town, and not a township, or general constable, had no power or authority to serve the summons or other process in this action, for the reason that such summons and process were not directed to him in the name of the office he holds, that is, as constable of the town of Morganton."

The case was heard on its merits by the Justice of the Peace, after he had overruled the motion of the defendant, and in the Superior Court the same motion was made and over-ruled.    There was a judgment for the plaintiff, and the defendant appealed.

The question presented by the appeal is whether the service of the summons made by Wall is a nullity; if so, the motion of the defendant to dismiss the action should have been allowed, and the permission given to the plaintiff to amend the summons by having it directed to "J. A. Wall, Marshal of the town of Morganton," ought not to have been granted. In the defendant's motion to dismiss the action, Wall is admitted to be the town constable of Morganton, and that is the only evidence of that fact in the record.    Under the charter of Morganton, the town constable may execute pre-cepts issued to him by the mayor when such precepts are issued to him as constable; but we do not see in the town charter any civil jurisdiction given to the mayor, except actions upon penalties and fines.

But the plaintiff insists that under sec. 3810, of The Code, Wall, being a town constable, was authorized to serve the summons directed to "any constable or other lawful officer of Burke County," by virtue of his office as constable of the town of Morganton.    That section of The Code authorizes city and town constables to serve all civil or criminal process that may be directed to them by any court within their respective counties, etc., and this Court held in *Davis v. Sanderlin,* 119 N. C., 84, that process could not be served by a constable outside of his town or city, where the process was directed to "any constable or other lawful officer of said county," and that to enable a constable of a city or town to serve court process, such process must be *directed* (addressed)

24——126

to him, as required by The Code section, not necessarily by name, but officially as the constable of his city or town. And the law is the same if a constable undertakes to execute process within the limits of the town or city.

In all cases where constables undertake to execute process under sec. 3810, of The Code, they can do so only in those cases where the process is directed (addressed) to them as constables of such city or town. *Fort v. Boone,* 114 N. C., 176. The defendant then was not before the court by a proper service of summons on him when he made the motion in a special appearance for that purpose, to dismiss the action, and, therefore, the amendment allowed by the Justice of the Peace to the plaintiff to amend the summons on its face so as to have it directed to "J. A. Wall, Marshal of the town of Morganton," ought not to have been allowed. Under sec. 908, of The Code, there is a liberal system provided for the amendment of process; but while such amendments can be made to show jurisdiction, they can not be extended to confer jurisdiction. *Gilliam v. Insurance Co.,* 121 N. C., 369.

Error.