## BAKER v. BREM.

(December 19, 1900.)

*Services of Process—Summons—Justice of the Peace—*
*Sheriff—Coroner—Special Officers—Acts 1891, Chap.*
*173.*

> Acts 1891, ch. 173, providing for deputizing special officers where the Sheriff and Coroner are interested, apply to Courts of Justices of the Peace.

PETITION TO REHEAR. Petition granted. For former opinion, see 126 N. C., 367.

*J. T. Perkins,* for petitioner.
*Avery & Erwin,* in opposition.

CLARK, J. When this case was decided, our attention was called to chap. 173, Acts 1891, and it was overlooked by us. That statute provides: "If, at any time, the sheriff of any county be interested in or a party to any proceeding in any court, * * * or if the coroner be interested in any such proceeding, then the court from which such process issues shall appoint some suitable person to act as special coroner to execute such process," etc. This language, by its very terms, applies to "any proceedings in any court." It is not restricted to the Superior Courts, but the contrary intent is expressed. Here, the sheriff being insane, and the coroner being interested in this action before a Justice of the Peace, that officer, under authority of this statute, deputized an officer specially to serve the summons, and he made due service as such. The petition to rehear should be granted, and the judgment below affirmed.

MONTGOMERY, J. (dissenting). This matter is before us

on a petition to rehear. The case, as originally heard, is reported in 126 N. C., 367, 35 S. E. 630. The grounds upon which the petition rests, in the language of the petitioner, are stated to be as follows: "(1) That in filing the opinion in this case it appears this honorable Court overlooked and were not advertent to the fact that John Wall had served the summons under a special deputation of D. C. Pearson, J. P., before the attempted amendment by the Justice in directing it to the town marshal, as shown by the exceptions of appellee to the statement on appeal by appellants, accepted by appellants, and thus a part of the statement on appeal, as follows: 'That it should appear that the Justice, D. C. Pearson, deputed John Wall to execute the summons and claim and delivery papers because the sheriff of Burke County was insane, the coroner was *ex-officio* sheriff, and the defendant R. J. Hallyburton was an officer under him, and in his name had levied an attachment on the property in his possession, and as such, had it in his possession, and that said Wall was deputed under Acts 1891, chap. 173.' (See statement on appeal.) (2) That the Court overlooked the facts that Justice Somers, upon trial of the case on its merits, and finding the property belonged to Mrs. Mabel Baker, 'allowed the plaintiff to amend any process or return or proceeding herein in form or substance for the furtherance of justice, as provided by Code, sec. 908'; that the Superior Court affirmed the said ruling of the Justice, A. F. Somers, in allowing all required amendments of summons, service, and return, for the furtherance of justice, as shown by said exceptions, to statement on appeal; and that such amendment, in any view, was valid, and sufficient to make the special deputation of J. A. Wall and his return more specific under said Acts 1891, chap. 173, in view of the fact that it was made under said act, as shown by the state-

ment." We did not consider the statute (Acts 1891, chap. 173) in the opinion in this case, and the invocation of it now can not help the plaintiff petitioner. Section 658 of The Code, provides, in substance, among other things, that, if there be no person qualified to act as sheriff of any county, the coroner shall execute all process, criminal or civil, lawfully issued to him. Chapter 173 of the Acts of 1891, provides an amendment to The Code section, by adding as follows: "And if at any time the sheriff of any county be interested in or a party to any proceeding in any court, and if there be no coroner in such county, or if the coroner be interested in any such proceeding, then the court from which such process issues shall appoint some suitable person to act as special coroner to execute such process," etc. This amendment plainly had reference to process issuing from courts other than Justices' courts. It evidently was intended principally to afford the means of having process served in cases in the Superior Courts, where neither the sheriff nor the coroner could legally serve the process. In the Justices' courts the summons is directed to any constable or other lawful officer (Code, sec 832.), and can be served by the sheriff or any constable of any of the townships of the county. The process issuing from the Superior Courts is naturally and primarily directed to the sheriff, and sec. 658 of The Code, and chap. 173 of the Acts of 1891, are intended to supply machinery by which process can be served in the Superior Court in cases where neither the sheriff nor the coroner can act. But in the Justices' courts the necessity does not exist for having process from them directed to the sheriff or coroner, because such process can be issued to any constable of the county. It makes no difference that Wall was a constable in the town of Marion. He did not serve the process as constable, and he was not deputized to serve it as consta-

ble.  The plaintiff made it a part of the statement on appeal that the summons was served by Wall as special coroner, under Acts 1891, chap. 173.  There was no error, in my opinion, in the opinion of the Court, and this petition ought to be dismissed.