J. B. RIDDLE v. BRIDGEWATER MILLING COMPANY.

(Filed 19 May, 1909.)

1. Justice of the Peace—Contract—Jurisdictional Amount—Interest on Excessive Principal.

The Constitution (Article IV, section 27) and the Revisal (section 1419, subsection 1) limit the jurisdiction of justices of the peace in actions upon contract, to where the sum demanded does not exceed two hundred dollars, exclusive of interest; and a justice of the peace has no jurisdiction in an action to recover the balance of the principal·due upon a note when it and the interest on the original amount thereof exceeded the sum named.

2. Justices of the Peace — Jurisdictional Amount — Application of Payment—Interest.

A payment made upon a note with interest then due must be applied first to the extinguishment of the interest and the remainder only upon the principal; and the holder may not apply such payments to the reduction of the principal in order to reduce the amount to that cognizable by a justice of the peace, and maintain an action in his court for the principal, as thus reduced, and the accumulated interest in an amount exceeding two hundred dollars.

3. Justices of the Peace — Jurisdictional Amount — Summons — Demand—Remitter—Action Dismissed.

The jurisdiction of a justice of the peace in actions upon contract is determined by the amount of the recovery demanded in the summons; and when this amount exceeds the jurisdictional amount and there is no remitter for the excess, the action will be dismissed on appeal.

ACTION tried by *Ferguson, J.,* at December Term, 1908, of BURKE.

Plaintiff appealed.

*Riddle & Huffman* and *J. T. Perkins* for plaintiff.
*Avery & Ervin* for defendant.

CLARK, C. J.   This was a civil action begun before a justice of the peace, and dismissed, on appeal, in the Superior Court, upon the motion of the defendant, for want of jurisdiction in the justice's court.

150—44

The complaint of the plaintiff, as set out in the summons, was "for the nonpayment of the sum of $200, with interest on $938.18 from 22 February, 1907, due by promissory note, being the balance unpaid, and demanded by said plaintiff."

The demand for interest on a greater sum than two hundred dollars defeats the jurisdiction of the justice.

In *Hedgecock v. Davis,* 64 N. C., 650, where the interest is held to be "a mere legal incident," it is evident that interest on the jurisdictional amount of $200, or less, is meant, and not on any sum in excess of $200; and, therefore, that case has no application where interest on a larger sum is claimed.

The constitutional limit of the jurisdiction of a justice of the peace in civil action founded on contract is "wherein the sum demanded shall not exceed $200." Constitution, Art. IV, sec. 27, and Revisal, 1419 (1), limit such jurisdiction in such cases "wherein the sum demanded, exclusive of interest," does not exceed $200. This does not include interest on a larger sum.

The note here was $938.18. As the payment amounts to $738.38, the interest should have been calculated and added to the principal and the payment deducted, leaving the difference as a new principal. As this new principal was much in excess of $200, it was necessary to remit such excess if the plaintiff desired to bring action before a justice of the peace. The plaintiff conceived the idea that he could avoid that requirement by applying all the payment to the principal, leaving the balance due on principal $199.80. He therefore sued for "$200 principal and interest on $918.33." This was beyond the jurisdiction of a justice of the peace, who cannot adjudge recovery of interest on a sum greater than $200. Besides, a payment must always be applied first to extinguish the interest, and the remainder only upon the principal.

It is the "demand," *i. e.,* what the plaintiff could recover on the face of the summons if there is no defense, which determines the jurisdiction. *Knight v. Taylor,* 131 N. C., 85; *Noville v. Dew,* 94 N. C., 45; *Allen v. Jackson,* 86 N. C., 321. There being no remitter of the excess before the justice, he had no jurisdiction, and the action was properly dismissed on appeal.

Affirmed.