SELLARS HOSIERY MILLS v. SOUTHERN RAILWAY COMPANY AND ATLANTIC COAST LINE RAILWAY COMPANY.

(Filed 31 October, 1917.)

1. **Carriers of Goods—Statute—Penalties—Parties.**

  Where an intrastate shipment of goods is transported over connecting lines to its destination, it is proper for the trial court to make both roads parties to an action to recover the penalty for the failure to transport safely and within a reasonable time (Revisal, sec. 2632), the burden being upon each defendant to show that it had not failed in its duty.

2. **Same—Amount Involved—Courts—Discretion.**

  Where one of a connecting line of carriers had been sued in a justice's court for the statutory penalty (Revisal, sec. 2632), in failing to transport the shipment within a reasonable time, and appealed to the Superior Court from an adverse judgment, it is proper for the court, in its discretion (Revisal, sec. 507), to order the other carrier to be made a party therein, though the amount involved was less than $200, without the necessity of remanding the case to the justice's court for that purpose.

  BROWN, J., dissenting, in which WALKER, J., concurs.

APPEAL by defendant, Atlantic Coast Line Railroad Company, from *Kerr, J.,* at May Term, 1917, of ALAMANCE.

This action was begun against the Southern Railway Company for the sum of $14 and interest from 23 May, 1916, under Revisal, 2632, for failure to transport and deliver within a reasonable time a shipment of yarns from Weldon, N. C., to Burlington, N. C. Judgment was rendered by the justice against the Southern Railway Company for $14, and it appealed. When the case was called in the Superior Court the court ordered that the Atlantic Coast Line Railroad Company be made

a codefendant, and an *alias* summons was issued accordingly, which was duly served. The attorneys for that company entered a general appearance at January Term, 1917. After the filing of the complaint, the counsel for said company moved to dismiss, 2 March, 1917, on the ground that the Superior Court of Alamance had no jurisdiction.

At May Term, 1917, the court refused to dismiss the action as to the Atlantic Coast Line Railroad Company, to which it excepted, and submitted the issues to the jury, which found that there was a failure by both companies to transport said shipment of yarns in a reasonable time, and that the plaintiff recover of the Southern Railway Company the sum of $3 and of the Atlantic Coast Line Railroad Company $13. The court rendered judgment accordingly and directed the costs to be divided equally between the two defendants. The Atlantic Coast Line Railroad appealed.

*No counsel for plaintiff.*
*Rose & Rose for defendant Atlantic Coast Line Railroad Company.*

CLARK, C. J. The sole question presented is as to the power of the court to amend by making the Atlantic Coast Line Railroad Company a party defendant, when the sum sought to be recovered is less than $200.

The action was properly pending on appeal in the Superior Court. The Atlantic Coast Line Railroad Company was made party defendant and summons duly served. Said defendant entered a general appearance in the action and took no exception.

There was but one contract of carriage in this case, *i. e.,* to transport the goods safely and in a reasonable time from Weldon to Burlington, and to that contract both these defendants were parties, acting through the agent at Weldon. It was very proper that both railroads should be made party to this action, for Revisal, 2632, prescribes as a penalty $10 for the first day's delay (where the shipment is less than a car-load) and $1 per day for each succeeding day. It must be determined, therefore, whether the first day's delay was on the Atlantic Coast Line or on the North Carolina Railroad, in the same action, since in separate actions the plaintiff might get the $10 assessed twice, or not at all, which could not occur when both carriers are made parties.

The action being regularly in the Superior Court on appeal, there is nothing that forbids additional parties being made, in order to have a full determination of the whole controversy, though less than $200 may be recovered against such additional parties. This often happens, especially in actions in the nature of a creditor's bill, but it is not restricted to such cases. It is not necessary to bring the second action in a justice's court and then consolidate on appeal. This might be

impracticable, especially in cases where the additional party resides in another county.

Revisal, 507, does not require that to "add or strike out the name of any party" such party must be necessary. It is left to the discretion of the judge, who can, if the party proves unnecessary, subsequently strike out the name or exempt him from payment of costs.

It is evident by the verdict in this case that the Atlantic Coast Line Railroad Company had unreasonably delayed this shipment in its transit from Weldon to Selma four days, and that the Southern Railway Company had unreasonably delayed the shipment three days. Instead of splitting the matter up into two actions, the court properly made the Atlantic Coast Line Railroad a party defendant and disposed of the whole cause in one action. It would have been a useless consumption of public time, and a great addition of costs, both to the plaintiff and defendants, to go over the same evidence in two different trials. The unreasonable delay in the transit of the goods between Weldon and Burlington, and the apportionment of the number of days of such unreasonable delay, could be better made by uniting both companies in this action, as they were united in the contract and in the transportation.

Under the Carmack Amendment, when it is an interstate shipment the plaintiff can recover against the initial carrier if he so elect. There are numerous cases in our courts where the action has been brought against the last carrier, leaving it to recover against its predecessors in the course of transportation for their share of the recovery. *Mills Co. v. R. R.*, 119 N. C., 693. Most of these cases were for damages for injuries sustained in transit. But the principle is the same, and where goods have passed over two or more lines in transit, and a penalty for unreasonable delay is to be assessed, it is proper that both lines should be made parties defendant for the apportionment of the delay. The presumption of liability, when unreasonable delay is shown, lies against each of the carriers in whose possession the goods are shown to have been in the course of transportation; and the burden of proof is upon each to rebut such presumption of negligence as to itself. *Furniture Co. v. Express Co.*, 144 N. C., 639.

This is not a question of jurisdiction, but merely of the discretionary power of the court to amend by making an additional party defendant. Both these defendants were parties to the contract sued on, to transport the goods safely, without unreasonable delay. While they might have been sued separately at the will of the plaintiff, the court properly had the other defendant brought in. It was not necessary to remand the cause to the justice of the peace, that he should make the additional party, thus necessitating another appeal.

There is no other assignment of error, and in this we find the judge acted within his authority, as conferred by Revisal, 507.

No error.

BROWN, J., dissenting: This action was brought in a justice's court against the Southern Railway to recover a penalty imposed by the statute for delay in transporting freight over its line from Selma to Burlington. An appeal was taken by the Southern Railway to the Superior Court. That court entered an order making the Atlantic Coast Line a party defendant and directing a summons to issue. The Coast Line appeared and moved to dismiss the proceeding as to it—

1. Because it is not a necessary or proper party.

2. Because the Superior Court had no jurisdiction.

I am of opinion that the motion should have been allowed on both grounds.

I admit that either or both of the defendants would be liable to plaintiff for a breach of the contract of shipment for damages arising out of unreasonable delay, for the reason that they are connecting carriers as to this shipment, the Coast Line having issued a through bill of lading from Weldon, N. C., on its line to Burlington, N. C., on the Southern Railway.

This is true as to interstate commerce by virtue of the Carmack Amendment, and held by this Court in respect to both kinds of commerce before that amendment, in *Rocky Mount Mills v. R. R.*, 119 N. C., 694. But a penalty stands upon a different footing and does not arise out of any contract between the parties.

A penalty is a sum of money which the law exacts the payment of by way of punishment for doing some act which is prohibited, or omitting to do some act required by law to be done. 30 Cyc., 1335.

Where a penalty is given to a party injured, the amount is not affected by or connected with his actual pecuniary loss. 35 Cyc., 1336.

A penalty may be repealed by law pending a civil action for damages and penalty, and the former will not be affected, although the latter cannot be recovered.

I do not think the Legislature intended (even if it had the power) to make one railroad liable for the penalty incurred by another. That would be in effect to make one corporation suffer for the sins of another that it had no power to prevent.

The one corporation in this cause contracted to become liable for damages to plaintiff for the negligence of the other, but it did not thereby render itself amenable to the punishments inflicted by law upon that other for its violation of the statute.

As the Coast Line is not liable for the statutory penalty incurred by
the Southern Railway, it is not a necessary or proper party to this
action, instituted in the justice's court against the Southern to recover
such penalty and nothing else.

The sum demanded of the Coast Line in this action is only $14 and
is exclusively within the jurisdiction of a justice of the peace. The
jurisdiction of the Superior Court is purely derivative, growing out of
and confined to the right of appeal, and the General Assembly has no
power to make it otherwise. *Rhyne v. Pipscombe,* 122 N. C., 650.

The only method, therefore, by which the defendant can be brought
into the Superior Court in a civil action upon a matter arising on con-
tract, involving an amount less than $200, is by an appeal from a judg-
ment rendered against him in the justice's court.

While there may have been some conflict of opinion as to the powers
of the Superior Court when a case reaches that court by appeal from
a justice of the peace, this Court has in none of its opinions gone further
than to say that "On appeals from a justice of the peace the Superior
Court may allow amendments such as filling in blanks in the summons,
to *show,* but not to *confer* jurisdiction." *Baker v. Brem,* 126 N. C., 367;
*McPhail v. Johnson,* 115 N. C., 298; *Sheldon v. Kivett,* 110 N. C., 408;
*Leathers v. Morris,* 101 N. C., 184; *Bank v. McArthur,* 82 N. C., 107.
In *Shell v. West,* 130 N. C., 171, this Court held, in an opinion by
*Clark, J.,* that on an appeal from a justice's court an amendment in the
Superior Court making an additional party, which essentially changed
the nature of the action, should not be allowed.

The justice of the peace acquired no jurisdiction over the Atlantic
Coast Line and could acquire none, except in the manner specified in
the statute. As the justice of the peace acquired no jurisdiction over
the Coast Line, the Superior Court acquired none by reason of the
appeal of the Southern Railway.

It is said in *McLaurin v. McIntyre,* 167 N. C., 353, by *Justice Allen:*
"In *Boyette v. Vaughan,* 85 N. C., 365, the Court said, in a unanimous
opinion: 'It is the jurisdiction of the justice of the peace which, on
appeal, gives jurisdiction to the Superior Court, and, of course, if the
justice had no jurisdiction, the Superior Court could have none.' And
again, in *Ijames v. McClamrock,* 92 N. C., 365: 'The jurisdiction of
the Superior Court in appeals from justices' courts is entirely *deriva-
tive.* If the justice in such cases has no jurisdiction of the action, the
Superior Court can derive none by appeal.' "

Both of these cases were cited and approved in *Robeson v. Hodges,*
105 N. C., 49, in an opinion written by the present Chief Justice, in
which he quotes from the first that "It is the jurisdiction of the justice
of the peace which, on appeal, gives jurisdiction to the Superior Court,

and, of course, if the justice had no jurisdiction, the Superior Court could have none, and, therefore, by allowing an amendment in the transcript, which enlarges the cause of action beyond the jurisdiction of the justice, it must necessarily oust itself of jurisdiction." And the same learned judge concurred in the opinion written by *Chief Justice Furches* in *S. v. Wiseman,* 131 N. C., 797, in which it was said: "In cases where bills are found in the Superior Court, its jurisdiction is original. But in cases of appeal from justices of the peace its jurisdiction is derivative, and it has no more or greater jurisdiction than the justice of the peace had; and if the justice had none, the Superior Court had none."

In a long line of decisions this Court has held that the jurisdiction of the Superior Court in appeals from a justice of the peace is entirely derivative, and if the justice of the peace had no jurisdiction of the action as to the Coast Line the Superior Court can derive none by amendment. A large number of these cases are collected in Clark's Code (3d Ed.), on p. 811.

For these reasons, I am of opinion that the action should be dismissed as to the Atlantic Coats Line.

MR. JUSTICE WALKER concurs in this opinion.